[S. F. No. 1443.   Department One.—April 4, 1899.]

ANNABELLE HARRON, Respondent, v. HOWARD HARRON, Appellant.

DIVORCE—ISSUE AS TO MARRIAGE—JUDGMENT—SUBSEQUENT ALLOWANCE OF COUNSEL FEES—MOTION FOR NEW TRIAL.—In action for a divorce by an alleged wife, where there is an issue as to the existence of the marriage relation, although it would be improper to allow counsel fees to the plaintiff in advance of a judicial determination of the existence of the marriage relation, yet, after a judgment establishing the marriage relation and granting a divorce, it is proper for the court to allow counsel fees to aid the plaintiff in defending against a motion for a new trial.

ID.—MOTION UPON FILES AND RECORD OF CAUSE—JUDGMENT NOT PRESENTED—JUDICIAL NOTICE.—Where the motion for the allowance of alimony was made upon an affidavit and upon the files and record of the cause, before the judge who presided at the trial, and who rendered the judgment, the fact that the affidavit and a counter-affidavit were the only papers read upon the motion, and that the judgment was appealed from, and was not formally presented to the court upon the motion, is immaterial. The record in the case was judicially before the court upon the motion, and it took judicial notice thereof.

ID.—EFFECT OF APPEAL FROM JUDGMENT.—Although the appeal from the judgment suspended its operation, it did not prevent it from remaining the final determination of the court until reversed, for the purposes of subsequent proceedings in the case.

APPEAL from an order of the Superior Court of the City and County of San Francisco, made after final judgment of

divorce directing the payment of counsel fees and costs, to enable the plaintiff to contest a motion for new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, John S. Drum, and Sidney M. Ehrman, for Appellant.

Dunne & McPike, Henry C. McPike, and S. H. Regensburger, for Respondent.

THE COURT.—This is an appeal from an order made after final judgment, requiring defendant to pay plaintiff the sum of one hundred dollars for counsel fees and forty dollars as costs, to enable her to contest the motion for a new trial. The right to prosecute this appeal may not now be denied. (*Harron v. Harron,* 123 Cal. 508.)

Plaintiff had instituted an action for divorce against defendant. The fact of their marriage relations was in issue. After trial, the court found them to be husband and wife, and granted the divorce as prayed for. From that judgment the defendant appealed. Defendant likewise gave notice of his intention to move for a new trial, and the preparation of a statement or bill of exceptions, to be used thereon, was impending. Under these circumstances, plaintiff moved for counsel fees and costs to enable her properly to contest the proposed motion. In the notice it was stated "that the motion will be based on the affidavit of the plaintiff, a copy of which is herewith served on him, and upon all the papers, records, and files on file and of record in said cause, and there will also be exhibited upon said motion a copy of defendant's proposed statement on motion for a new trial." At the hearing, as disclosed by the bill of exceptions upon this appeal, the only evidence offered was the affidavit of plaintiff, met by a counter-affidavit of defendant. It is here contended that under the authority of *Hite v. Hite,* 124 Cal. 389, 71 Am. St. Rep. 82, plaintiff had failed upon her motion to establish the marriage status by a preponderance of evidence, and that the order appealed from should, therefore, be reversed. But this case differs essentially from the case of *Hite v. Hite,* *supra.* It was there in effect decided that, where the marriage

status was an issue in dispute, it was improper and unlawful to impose alimony upon the contesting spouse in advance of a judicial determination that the marriage status existed; for otherwise, and in the event that it was finally determined that the marriage did not exist, the litigant would have been deprived of his property without a hearing, and without an opportunity to make defense. The order here in question, however, was made after a formal trial in the divorce proceeding, and, after a determination by the court, not only that a marriage existed, but that the plaintiff, for the wrongdoing of her husband, was entitled to be released from it. The question, then, is narrowed to the purely technical consideration that, because the bill of exceptions shows that the judgment-roll in the divorce case of *Harron v. Harron* was not formally presented to the court for its consideration, it was not before the court in passing upon the motion; for, admittedly, if it was so before the court it was determinative of the question, because the further contention of the appellant that his appeal from the judgment in the action of divorce set that judgment at large cannot be maintained. It is true it suspended the operation of the judgment, but none the less for the purposes of subsequent proceedings in the case it remained, until reversed, the determination of the trial court upon the questions involved. It is to be remembered that this application was an application for an order made, not only to the court before which *Harron v. Harron* had been tried, but before the very judge who presided at that trial. The notice of the motion stated that reliance would be had upon all the records and files in that case. If ever there were a plain case calling for the application of the principle that a court takes judicial notice of its own decisions, this would seem to be such a one. The record in the case of *Harron v. Harron* was judicially before the court and the judge upon the hearing of the motion. It would have been supererogatory to have formally read that record, or to have formally introduced it in evidence.

The order appealed from is, therefore, affirmed.