[Civ. No. 1624.   Third Appellate District.—February 16, 1917.]

## ANNA SCHALLMAN, Respondent, v. CARL F. HAAS, Appellant.

PARENT AND CHILD — SUPPORT OF ILLEGITIMATE CHILD — ACTION BY MOTHER—SUPPORT PENDING APPEAL.—In an action brought by a mother of an illegitimate child to compel its alleged father to pay a monthly sum reasonably necessary for the support, maintenance, and education of the child, the trial court has no inherent power, as in actions for divorce where the marriage is admitted, to compel the father to pay to the mother the costs necessary to resist an appeal taken by the father, or to compel the father to support the child pending the appeal, as no such obligation arises until the paternity of the alleged illegitimate child is established.

ID.—CONSTRUCTION OF CODE PROVISIONS.—Section 196a of the Civil Code, requiring the father of an illegitimate minor child to give it support and education suitable to his circumstances, and authorizing a civil suit in behalf of the child by the mother to enforce such obligations, and giving the court power to enforce performance of such obligations the same as under sections 138, 139, and 140 of the Civil Code, in a suit for divorce by a wife, does not, by making the latter named

sections a part of section 196a, impose the obligations provided by such sections upon the defendant in an action to compel the support of an illegitimate child, but the sole purpose of such incorporation was to provide a full and complete remedy for the enforcement of the obligations when established.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing payment of costs and counsel fees pending appeal from a judgment directing support of an illegitimate child.    Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

tum Suden & tum Suden, for Appellant.

Henry H. Davis, for Respondent.

HART, J.—This action was commenced for the purpose of obtaining a decree or judgment compelling the defendant to pay a monthly sum reasonably necessary for the support, maintenance, and education of the alleged minor child of the parties.

The complaint, in substance, alleges: That the plaintiff is the mother and the defendant the father of a minor child, who was born in the city and county of San Francisco, on the twenty-sixth day of July, 1911; that the defendant has failed, neglected, and refused for several months immediately preceding the time of the commencement of this action to provide for said minor child's support and maintenance; that the plaintiff is wholly without the means to provide for and maintain said minor child, being able only, through her own personal labors and work, and with the assistance of relatives, to provide for herself the common necessaries of life; that "the defendant has and possesses the present means and ability to pay to plaintiff a reasonable sum for the support, maintenance and education of said minor child, together with a reasonable sum as and for plaintiff's counsel fees and costs of court."

The prayer is for judgment requiring the defendant to pay to plaintiff a reasonable sum monthly for the support, etc., of said child, together with a reasonable sum for plaintiff's counsel's fees and cost of court herein.

The answer denies each and every one of the above stated allegations of the complaint, and avers in paragraph 3 thereof:

"Defendant alleges that he is under no legal liability or responsibility whatever to provide for the maintenance and support of the said minor child, Albert Schallman; that said Albert Schallman was born out of wedlock."

The court found that the plaintiff and the defendant were the mother and father, respectively, of the minor child referred to in the complaint; that the defendant has failed, neglected, and refused to provide said child with support, maintenance, etc., as alleged in the complaint; that, as likewise alleged, the plaintiff is wholly without the means, and that the defendant possesses sufficient means and ability to provide such support, maintenance, etc., for said child. Finding 6 reads: "That all the facts set forth in defendant's answer herein contrary to these findings are untrue."

Within due time, the defendant duly served and filed a notice of appeal to the supreme court from said judgment, and to stay the execution thereof gave a bond in the sum of one thousand six hundred dollars, to which no exception was taken, and which covers a sum which would accrue within a period of approximately three years, should the judgment be affirmed. (*Sharon* v. *Sharon*, 67 Cal. 185, [7 Pac. 456, 635, 8 Pac. 709].)

Thereafter the plaintiff noticed and filed an application to the trial court for an order allowing her costs and attorney's fees to cover the expense for transcribing the testimony taken at the trial, to be used on the motion of the defendant for a new trial and upon the appeal from the judgment, for the printing of briefs on the appeal, for compensation of her counsel in those proceedings, and further asked for an order requiring the defendant to pay to plaintiff a reasonable sum for the support and maintenance of the said child "pending the determination of defendant's motion for a new trial and decision of defendant's proposed appeal to the supreme court herein."

Upon hearing the above-mentioned motion, the court made an order allowing the same, as follows, briefly: That the defendant immediately deposit with the clerk of the court the sum of $150, to be expended in the payment of such costs, charges, and disbursements "as may be necessary for plaintiff's costs and expenses in preparing her amendments to defendant's bill of exceptions and all of her costs necessary to be expended by her in preparation on her part against de-

fendant's said motion for a new trial herein and defendant's appeal herein''; that defendant pay to plaintiff the sum of $75 as and for her counsel fees on said motion for a new trial and defendant's appeal herein; that, pending the hearing of said motion for a new trial and appeal and the final determination of both, the defendant pay to the plaintiff the sum of $20 per month for the support and maintenance of said minor.

The defendant took an appeal from said order, and filed a bond to stay the execution thereof. It is the appeal from said order with which we are here concerned.

The bill of exceptions in the transcript does not contain the judgment-roll. It states, however, that, at the hearing of the application for the order from which this appeal is prosecuted, the defendant *offered* in evidence the judgment-roll. It is quite probable that the judgment-roll was, as a matter of fact, received in evidence, but that, under the decision in *Harron* v. *Harron*, 128 Cal. 303, [60 Pac. 932], it was deemed unnecessary to incorporate it in the bill. The notice of the motion in this case stated that said motion ''will be made upon this notice of motion and upon all of the pleadings and papers filed herein and on all of the proceedings had and taken herein, and upon such oral and documentary evidence as may be produced upon the hearing hereof.'' The order appealed from here was made by the judge who tried the case upon the merits and rendered the judgment thereon. The record in the case was judicially before the court upon the motion, and, in the hearing thereof, it took, as it had a right to do, judicial notice thereof. (*Harron* v. *Harron*, 128 Cal. 303, [60 Pac. 932].)

The action purports to be based upon section 196a of the Civil Code, which reads: ''The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife.''

It is vigorously argued by the defendant that the complaint does not state a cause of action under said section, and that the findings, which follow substantially the averments of the

complaint, do not support the judgment. It is further claimed that the complaint on its face shows that the minor child therein referred to and not the plaintiff is the real party in interest in this action, and for this reason said pleading fails to state the existence of a right of action in the plaintiff upon the cause of action so stated. We recognize much merit in the first stated of these contentions. As to the second we intimate no opinion, since we do not find it necessary to consider it on this appeal. Indeed, we prefer not to consider either of said points, inasmuch as there is, it appears, an appeal from the judgment pending and supported by some other record which is not here, and it is preferable that the questions suggested should be disposed of on said appeal.

We think the court transcended its power in making the order complained of here. To our minds, the whole question whether a trial court is legally authorized to make such an order after judgment in an action based upon section 196a of the Civil Code must be determined upon a consideration of statutory law, conceding that it is within the competence of the legislature to confer such power upon trial courts in a case like this. In other words, the power of the court to make such an order is not inherent, but, if it exists and can exist at all, it must come from direct legislative authority. The soundness of this proposition cannot well be challenged.

It is doubtless true that, in actions for divorce (and it will be understood that we are now referring to cases of that character wherein there is no contested issue of marriage—that is, wherein the marriage is not denied), even in the absence of statutory regulation of the matter or express legislative authority therefor, the courts having cognizance of such causes have the power to make after judgment suitable and reasonable provision for temporary or permanent alimony or support and provision for the payment by the husband to the wife of such sums as may be found to be requisite to defray the expenses necessary to be incurred by her in prosecuting the action or defending against it at the trial or in prosecuting or resisting the appeal, if one be taken. This power naturally follows from the nature of the marriage relation and the rights and duties of the parties thereupon arising, and from the fact that an action for a divorce is for the purpose of dissolving that relation. The husband upon the marriage becomes the head of the family, and has exclusive con-

trol, under certain restrictions as to disposition, of the community property. As a rule, he alone holds the ''purse strings,'' and this is true even where the principal sources of his income are the property or belongings of the community. But, even if there be no community property and the wife is without separate means, the authority of the court to compel the husband after judgment to pay to the wife such sum or sums as may reasonably be required to prosecute or resist an appeal and for the support of their minor children pending the appeal will be recognized. ''Natural justice and the policy of the law,'' says Mr. Bishop, in his work on Marriage and Divorce, volume 2, section 976, ''alike demand that in any litigation between husband and wife, they shall have equal facilities for presenting their case before the tribunal. This requires that they should have equal command of funds. So that if she is without means, the law having vested (given control of) the acquisitions of the two in (to) him, he should be compelled to furnish them to her, to an extent rendering her his equal in the suit. This doctrine is a part of the same whereon proceeds temporary alimony. And so the English courts have from the earliest times to the present held without the aid of parliament, and nearly all of our own have accepted the doctrine as of common law.''

Of course, where the matter of costs, attorney's fees, and temporary or permanent support is regulated by statute, then the rules so promulgated must govern, and, undoubtedly, where, in a divorce action, a trial court failed to follow the statute in the matter of awarding costs, etc., or transcended its authority under the statute in that regard, its action therein would be annulled or set at naught upon appeal as being void or beyond the jurisdiction of the court. In this state, as well as in most of the states at the present time, the matter of costs, attorney's fees, and alimony, in divorce actions or suits for maintenance and support, is entirely regulated and governed by statute.

But there is no analogy between divorce suits or any other action between a husband and wife pertaining to or involving their marital relation and obligations and an action founded upon section 196a of the Civil Code. No more than in any other of the various classes of actions has a court the inherent power, if, indeed, it can have or be given any power in that respect at all, to require a litigant in a case of this char-

acter to provide his adversary with the means necessary to defray the costs and expenses incident to the prosecution or resisting of an appeal or for the support of such adversary, pending the disposition of the cause on appeal. This proposition necessarily follows from the fact that the essential issue to be determined in an action of this kind is contested. The gist or gravamen of this action is the paternity of the alleged illegitimate child. The defendant entered the court denying that he was the father of the child. His legal liability for its support can, therefore, only be fixed by proof that he is the father. There is not as to the defendant and the infant, as is true in divorce actions, wherein the marriage is admitted or not denied, a fixed and admitted status upon which the court is authorized to exercise a power whereby a decree affecting the rights of the parties may be made in advance of the trial of the issues of fact or in the absence of proof. Nor is it any less true in this case than in any other action, except in suits for divorce and kindred actions, that a court, after judgment, has no right to require the defendant to provide the plaintiff with the financial means with which to defend the judgment on appeal and to pay a monthly sum for the support of the children pending the determination of the appeal. To recognize such power in the trial court would be to assume that, with the rendition and entry of the judgment, the questions at issue had been definitively determined and settled, a position in direct contradiction to the rule that "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Code Civ. Proc., sec. 1049; *Naftzger* v. *Gregg,* 99 Cal. 83, [37 Am. St. Rep. 23, 33 Pac. 757]; *In re Blythe's Estate,* 99 Cal. 472, [34 Pac. 108]; *Story* v. *Story & I. Commercial Co.,* 100 Cal. 31, [34 Pac. 675]; *Borges* v. *Hillman,* 29 Cal. App. 144, 150, [154 Pac. 1075].)

Thus it is very clear that there is no inherent power or authority in a trial court to make, after judgment, such an order as the one here complained of, and, assuming without deciding, but questioning the constitutional right of the legislature to confer upon trial courts the power of making such an order as the one here after judgment in a case of this kind, we know of no statute investing such courts with such authority, unless, as counsel for the plaintiff contends, it is to be

found in sections 138, 139, and 140 of the Civil Code, the provisions of which are by section 196a expressly made applicable to a limited extent to actions based upon the last-mentioned section.

The sections named read:

"Sec. 138. In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same.

"Sec. 139. Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects.

"Sec. 140. The court may require the husband to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case."

The only section of the above which appears to lend support to the contention of the plaintiff is 138. But when we examine the language of section 196a which refers to the above sections, it seems to us that the irresistible conclusion is that it was not thereby intended to create any additional *rights* in favor of the illegitimate child, but that the sole purpose was thus to provide a full and complete *remedy* for the *enforcement* of the rights previously given in said section. The language, it will be noted, is that "the court shall have power to *order and enforce* performance"—of what? The *obligations* which, in the preceding part of the section, are established in favor of the child as against its parents, and this to be attained, as far as a court is authorized to go in a case of this character and no further, in the *manner* and *mode* pointed out by sections 138, 139, and 140 as applicable to actions for divorce. Of course, we are not to be understood as saying that, if the present, or a like case, is affirmed on

appeal and thus it is definitively determined and settled that the "obligations" created by section 196a rest upon the parent proceeded against, the trial court, in such case, would not retain jurisdiction of the cause to the extent of requiring the parent, if deemed necessary, to give reasonable security for providing maintenance, etc., for the child and of modifying from time to time, if the circumstances appeared to call for it, the judgment in so far as is concerned the sum to be paid for the child's maintenance and support. This proposition we do not decide, however, it being unnecessary for the purposes of this decision to do so.

But, as declared, we are firmly of the opinion that, in making sections 138, 139, and 140 a part of section 196a, the intention of the legislature was not to create in behalf of the illegitimate child rights additional to those established for it by the latter section, but merely to provide a remedy for the enforcement of the rights so established or created.

Our conclusion is that the trial court was without jurisdiction to make the order from which this appeal is prosecuted, and it is accordingly reversed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1917.