[Civ. No. 5356.   First Appellate District, Division One.—September 22, 1925.]

## JOHN R. BENTON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—EXPIRATION OF TIME FOR REHEARING.—NEW FACTS—JURISDICTION TO AMEND AWARD.—Where the time for a rehearing has expired, the power of the Industrial Accident Commission to amend or alter awards is limited to cases where the application is based upon new facts arising since the making of the award, and where there are none the Commission has no jurisdiction to entertain the petition.

[2] ID.—CONTINUING JURISDICTION OF COMMISSION—SUPPLEMENTARY APPLICATIONS — RES ADJUDICATA. — The continuing jurisdiction given to the Industrial Accident Commission under sections 11(c) and 20 (d) of the Workmen's Compensation Act does not authorize the Commission to entertain supplementary applications for the identical complaint where relief has once been denied—the determination of that issue being final in the same manner as the original decision where there has been no change in the disability or injury.

[3] ID.—FORMER DECISION—JUDICIAL NOTICE—JURISDICTION—PLEA IN BAR—ESTOPPEL.—The Industrial Accident Commission may judicially notice its former decision in the same case; and in the determination of the question as to whether an applicant is entitled to have an award amended, the entire record of the case, including all former orders or awards, must of necessity be before the Commission in order that it may properly pass upon the application, and the fact that the respondent employer has not pleaded a prior final order of the commission in bar of the subsequently filed petition will not estop the employer from claiming the benefit thereof.

[4] ID.—JUDICIAL NOTICE—APPLICATION OF DOCTRINE.—To take judicial notice and apply it to the decision of a case is a right which appertains to every court of justice, from the lowest to the highest; and the application of the doctrine of judicial notice is not confined to courts of record, but certain boards and special tribunals, which are not strictly courts but which partake of their

1.   See 27 **Cal.** **Jur.** 493.
2.   See 27 **Cal.** **Jur.** 494.
3.   See 27 **Cal.** **Jur.** 481, 494.
4.   See 10 **Cal.** **Jur.** 692.

nature and the findings of which partake of the nature of judgments, may take judicial notice of certain matters.

(1) Workmen's Compensation Acts, C. J., p. 117, n. 58 New. (2) Workmen's Compensation Acts, C. J., p. 117, n. 58 New. (3) 23 C. J., p. 110, n. 15; Workmen's Compensation Acts, C. J., p. 115, n. 31 New. (4) 23 C. J., p. 58, n. 3 New, p. 172, n. 6, 7, 8.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission denying further compensation. Order affirmed.

The facts are stated in the opinion of the court.

Emil G. Buehrer for Petitioner.

Warren H. Pillsbury for Respondents.

TYLER, P. J.—Petition for writ of review for the purpose of determining the lawfulness of an order of the Industrial Accident Commission denying petitioner a rehearing of his application for additional compensation for an alleged new and further disability arising from an injury sustained in the course of his employment. The injury was suffered by the applicant on January 29, 1923, while employed by defendant Southern California Edison Company as a steel sharpener, and it consisted of the crushing of his right hand by a machine. At the time of said employment petitioner was self-insured, and both employer and employee were subject to the provisions of the Workmen's Compensation Insurance and Safety Act of 1917 (Stats. 1917, p. 831), and acts amendatory thereof.

Upon his original application for compensation petitioner was, on November 1, 1923, awarded $20.83 a week for a period of fifty-eight weeks, amounting to the sum of $1,208.14. On November 7, 1923, he filed a petition for rehearing, claiming that injury to his index and middle fingers had been overlooked and should have been included in the allowance. This petition was granted and a final decision was entered on December 27, 1923, increasing the compensation allowance to payments for eighty-six weeks, amounting in all to the sum of $1,791.38. No petition for a rehearing was filed and this decision became final.

A year later, on December 2, 1924, a petition for a further increase of his allowance was filed by him upon the ground that the muscles and nerves of his right forearm, shoulder and neck had become involved as a result of his original injury.

The assistant medical director of the Commission filed a report upon the application in which he stated that he could see no anatomical reason why petitioner should suffer the pain he complained of, but suggested to the Commission that he be examined by a nerve specialist. The Commission adopted the suggestion and the specialist appointed filed his report. From these reports the Commission found that the condition from which applicant complained was not proximately caused by the injury sustained by him on January 29, 1923, and additional allowance was denied. This decision was entered February 2, 1925, and was allowed to become final by petitioner failing to apply for a rehearing.

On March 19, 1925, petitioner again filed an application reciting that the original injury had caused new and further disability. Attached to this application were several medical reports. These reports had to do with the same complaint of pain in the right forearm and shoulder that had been passed upon the month previous. Accordingly the Commission, on April 21, 1925, dismissed the petition for want of jurisdiction upon the ground of *res adjudicata.*

A petition for rehearing was denied, whereupon the applicant filed this petition for a writ of review.

It is here claimed by petitioner that the order of respondent Commission in dismissing his petition for want of jurisdiction is erroneous and void and should be annulled and set aside for the reason that under section 11 (c) and section 20 (d) of the Workmen's Compensation Act an applicant has the right to institute proceedings for the collection of compensation within 245 weeks after the date of injury upon the ground that the original injury has caused new and further disability, the jurisdiction of the Commission, in such cases, being a continuing one at all times within such period.

There is no question but that the Commission has jurisdiction to award additional compensation by supplementary proceedings where disability has increased since the original decision. The last two supplementary proceedings, however,

dealt with the identical cause of complaint, viz., distress and pain suffered by applicant in the right forearm and shoulder.

The decision of the Commission, on February 2, 1925, upon the petition of December 2, 1924, and which was permitted to become final, disposed effectually of this claim. [1] Where the time has expired for a rehearing the power to amend or alter awards is limited to cases where the application is based upon new facts arising since the making of the award. If there are none the Commission has no jurisdiction to entertain the petition. [2] The continuing jurisdiction given to the Commisson under the sections cited does not authorize the Commission to entertain supplementary applications for the identical complaint where relief has once been denied. The determination by the Commission of that issue is final in the same manner as the original decision where there has been no change in the disability or injury. There must be some end to litigation. (*Hindes* v. *Industrial Acc. Com.,* 73 Cal. App. 726 [239 Pac. 339].)

[3] The further contention is made that even conceding the order of the Commission on February 2, 1925, to be final, still respondent California Edison Company not having pleaded it in bar to the petition filed subsequently on March 19, 1925, it is estopped from claiming the benefit thereof.

There is no merit in this contention.

The rule invoked has no application to a situation of this character.

In the determination of the question as to whether an applicant is entitled to have an award amended, the entire record of the case, including all former orders or awards, must of necessity be before the Commission in order that it may properly pass upon the application. The order dismissing the petition in question recites on its face that the record of the former awards was before it and the proceeding was dismissed for the reason that it appeared therefrom that the Commission was without jurisdiction to entertain the application.

[4] Then, too, the Commission may judicially notice its former decision in the same case. (*Sewell* v. *Price,* 164 Cal. 265–273 [128 Pac. 407]; *Harron* v. *Harron,* 128 Cal. 303–305 [60 Pac. 932].)

Judicial notice is based upon convenience and expediency.

To take judicial notice and apply it to the decision of a case is a right which appertains to every court of justice, from the lowest to the highest. The application of the doctrine of judicial notice is not confined to courts of record. Certain boards and special tribunals, which are not strictly courts but which partake of their nature and the findings of which partake of the nature of judgments, may take judicial notice of certain matters. (23 Cor. Jur., p. 172; *Anderson* v. *Board of Dental Examiners*, 27 Cal. App. 336 [149 Pac. 1006].)

The order denying the petition for further compensation is affirmed.

Cashin, J., and Knight, J., concurred.