[Civ. No. 3030.   Third Appellate District.—May 29, 1926.]

GEARY RICH, Petitioner, v. W. F. McCLURE, Director
     of Public Works, etc., et al., Appellants.

[1] WATERS AND WATER RIGHTS—INCORPORATED TOWNS—JUDICIAL NO-
     TICE.—Courts take judicial notice of the incorporation of cities
     and of the boundaries thereof, without proof and without aver-
     ment; and this rule is applicable to proceedings before boards and
     special tribunals.

[2] ID.—APPLICATION TO APPROPRIATE—PLACE OF INTENDED USE—IN-
     CORPORATED TOWNS—ADJACENT TERRITORY.—Where an application
     for a permit to appropriate water for municipal purposes names
     incorporated cities to be supplied, it gives as full information rela-
     tive to the place of intended use of the water within the bound-
     aries of the incorporated cities as if such boundaries had been
     particularly described; and from the further statement in such
     application that the water is to be used in "adjacent territory,"
     it may be inferred that such term refers to built-up territory out-
     side of but immediately adjacent to the respective incorporated
     cities named in the application.

[3] ID.—DEFECTIVE APPLICATION—HEARING.—Under the liberal provi-
     sions of section 1a of the Water Commission Act, a hearing may be
     held and a permit granted even though the application therefor
     be defective.

---

1.  See 10 Cal. Jur. 710; 15 R. C. L. 1083.
     73 Cal. App.—14

[4] ID.—DESCRIPTION OF PRINCIPAL USE—DEFECTIVE APPLICATION—ORDER.—Under section 17 of the Water Commission Act, an application may be granted in part and denied in part; and where the principal use for which a water appropriation is sought is for municipal purposes in certain named incorporated towns, the applicant should not be denied a hearing on the mere ground that the application does not sufficiently describe the "adjacent territory" in which the water is to be used.

[5] ID.—LOCATION OF WORKS — SUFFICIENCY OF APPLICATION — STATUTORY CONSTRUCTION.—The provisions of section 16 of the Water Commission Act, requiring the application to set forth "the location and description of the proposed headworks, ditch, canal and other works," relate to the works which the applicant proposes to construct, and not to works to be constructed and used by purchasers of the water over which the applicant will have no control.

[6] ID. — DENIAL OF HEARING — MANDAMUS. — Where the state water commission denies a hearing, the remedy provided by section 1b of the Water Commission Act is not adequate, and *mandamus* will lie to compel the commission to hear and act upon the application.

---

(1) 23 C. J., p. 85, n. 11, p. 92, n. 49, p. 100, n. 70.    (2) 40 Cyc., p. 766, n. 13 New.    (3) 40 Cyc., p. 766, n. 13 New.    (4) 40 Cyc., p. 766, n. 13 New.    (5) 40 Cyc., p. 766, n. 13 New.    (6) 38 C. J., p. 569, n. 56.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

Spencer Burroughs for Appellants.

Treadwell, Van Fleet & Laughlin, for Respondent.

FINCH, P. J.—This is an appeal from the judgment herein requiring the defendants to "proceed to hear and act upon" the plaintiff's "application for a permit to appropriate" ten second-feet of the water in Lindsay Slough, a tributary of the Sacramento River, for municipal purposes.

The complaint sets out the application in full, including a map which accompanied and was made a part of the application. The parts of the application material to the questions raised by the appeal are as follows: "The use

to which the water is to be applied is for municipal purposes.
. . . The pipe line to be 24 miles in length, terminating in
the existing water supply of Vallejo near Cordelia, in the
S. E. ¼ of the N. E. ¼ of Sec. 12, Tp. 4 North, R. 3 West,
M. D. M. . . . For sale at Cordelia to supply the cities of
Vallejo, Benicia, Suisun, Fairfield and adjacent territory in
the County of Solano having a present population of 25,559.
. . . The maps filed herewith only show the pipe line extend-
ing to Cordelia, as that is the extent to which applicant intends
to construct it, and at that point he will wholesale the water
to such of the communities mentioned with which he may be
able to negotiate favorable contracts. The applicant has
no intention of himself entering into the business of selling
water as a public utility, but intends to carry the same to
Cordelia and then sell the same at wholesale and that is the
place of use so far as applicant is concerned." The map
which accompanied the application showed the locations of
Lindsay Slough, a proposed reservoir adjacent thereto, a
proposed pipe-line from the reservoir to the point designated
in the application near Cordelia, and the cities of Fairfield
and Suisun, but did not show the locations of the cities of
Benicia and Vallejo or of the "adjacent territory" referred
to in the application or of any conduit from Cordelia to
either of those cities. The answer alleges that the appli-
cation was rejected and a hearing thereon refused on the
ground that the applicant did not "file a map showing
thereon the place or places where it was intended to use the
water and further showing thereon the location of the con-
duits leading from Cordelia and the pipe-line to Cordelia
through which the water might be supplied to the place
or places for use." Judgment on the pleadings was entered
in favor of the plaintiff, directing "that a peremptory writ
of mandate issue out of this court, directed to the said
defendants and commanding them to forthwith proceed to
hear and act upon the said application."

Appellants fairly summarize the material facts as follows:
"Respondent filed an application . . . for a permit to ap-
propriate unappropriated waters . . . for municipal pur-
poses; . . . it was for the purpose of supplying the cities of
Vallejo, Benicia, Suisun and Fairfield and adjacent territory
in the county of Solano. . . . The map filed with said ap-
plication showed the pipe-line to Cordelia, but did not show

either Vallejo or Benicia, or the territory adjacent to Vallejo, Benicia, Suisun, or Fairfield which it was proposed to serve. The Division of Water Rights held said application defective in that it did not set forth the intended place of use and the conduits leading thereto and called upon the applicant to give the names of the cities in the application . . . and to then sketch upon a map the approximate boundaries of the area or areas within which the water was to be applied to use and to locate therein the cities which were to be supplied and also to sketch approximate locations of main conduits from Cordelia through which water might be supplied to these cities and adjacent areas. . . . This the respondent refused and failed to do. . . . Thereupon the Division of Water Rights rejected and canceled said application.''

Section 1a of the Water Commission Act provides: ''The state water commission shall have authority to grant, or to refuse to grant a permit and to reject any application, after hearing; provided, however, that no hearing shall be necessary in order to issue a permit upon an unprotested application or in order to reject a defective application after notice as provided in section seventeen of this act, unless the state water commission elects to hold a hearing.'' Section 1d provides that ''the application must be accompanied by such maps, drawings, and other data as may be required by the state water commission.'' Section 7 provides: ''For the purpose of carrying out the provisions of this act the state water commission is authorized to pass such necessary rules and regulations as it may from time to time deem advisable.'' Section 16 provides, among other requirements: ''Every application for a permit to appropriate water shall set forth . . . the location and description of the proposed headworks, ditch, canal and other works; . . . and the place where it is intended to use the water.'' The rules and regulations adopted by the commission contain the following: ''Regulation 3. . . . (e) The place of use must be established with reasonable certainty. . . . Regulation 4. . . . If municipal use is intended then the name of the municipality to be served should be given providing it is incorporated, and if it is not incorporated then the area to be served may be described in some other suitable manner. . . . Regulation 5. Maps in duplicate must be filed in connection with each

application showing . . . the location of the point or points of diversion and the reservoirs and places of use together with the location of the main conduit and intersecting streams, conduits and pipe-lines."

[1] Vallejo, Benicia, Suisun, and Fairfield are all incorporated cities. Courts take judicial notice of the incorporation of cities and of the boundaries thereof. (10 Cal. Jur. 710; Municipal Corporation Bill, sec. 3, Stats. 1923, p. 103.) Courts take judicial notice of the incorporation of a city "without proof, and even without averment." (*City of Pasadena* v. *Stimson*, 91 Cal. 238, 256 [27 Pac. 604].) The doctrine of judicial notice is applicable to proceedings before boards and special tribunals. (*Anderson* v. *Board of Dental Examiners*, 27 Cal. App. 336, 339 [149 Pac. 1006]; *Benton* v. *Industrial Acc. Com.*, 74 Cal. App. 411 [240 Pac. 1021, 1023].) [2] The plaintiff's application, therefore, gave the defendants as full information relative to the place of intended use of the water within the boundaries of the incorporated cities named as if such boundaries had been particularly described, and the only uncertainty in the application relates to the use of the water in the "adjacent territory." Since the water is to be used for municipal purposes, it may be inferred that the term "adjacent territory" refers to built-up territory outside of but immediately adjacent to the respective incorporated cities named in the application. [3] Under the liberal provisions of section 1a of the Water Commission Act a hearing may be held and a permit granted even though the application therefor be defective. [4] Also the application may be granted in part and denied in part. Section 17 of the act provides: "The approval of any application shall give the right to take and use water only to the extent and for the purpose allowed in said approval." There is no defect in the description of the place of intended use in so far as the incorporated cities themselves are concerned, and the use of water therein is doubtless the principal use for which the appropriation is sought. No more reason appears for denying plaintiff a hearing, on the mere ground that his application is insufficient as to a part of the places of intended use, than there would be for sustaining a general demurrer because one of several causes of action alleged in a complaint is defectively stated.

[5] Appellants contend that the application should have set forth proposed conduits for conveying the water from Cordelia to the places of intended use. The application sets forth the proposed pipe-line from the point of diversion to Cordelia, at which place the plaintiff proposes to sell the water, the purchasers to convey it thence to their respective places of use. It is to be presumed that the provisions of section 16 of the act, requiring an application to set forth "the location and description of the proposed headworks, ditch, canal and other works," relate to the works which the applicant proposes to construct, not to works to be constructed and used by purchasers of the water and over which the applicant will have no control. For obvious reasons, the places of intended use must be stated, whether that use is to be made by the applicant or by those to whom he may sell the water, but such reasons do not apply to the location and description of the conduits for the conveyance of the water from the place of sale and delivery to the places of use.

[6] Appellants urge that plaintiff was not entitled to a writ of mandate because he had a plain, speedy, and adequate remedy under the provisions of section 1b of the act (Stats. 1923, p. 162). That section provides that any interested party "may within thirty days after issuance of a permit or an order refusing to issue a permit and rejecting an application bring an action in the superior court. . . . Said action shall be for a review of the order of the state water commission. Said court shall review all correspondence, maps, data and other records on file with the state water commission which pertain to said application and all evidence taken before said commission and take such additional evidence as it may require or as may be submitted by the parties in interest or the state water commission and shall then render judgment affirming, reversing, or modifying the action of the state water commission." Respondent contends that such provisions of section 1b are unconstitutional on various grounds, but the contention need not be considered, because the section, if valid, clearly contemplates such an action only after a hearing before the commission and not in a case where a hearing has been denied. The remedy provided by section 1b would not be adequate in a case such as this. (*Careaga* v. *Fernald*, 66 Cal. 351,

353 [5 Pac. 615].) *Mandamus* is the proper remedy. (*Tulare Water Co. v. State Water Commission,* 187. Cal. 533 [202 Pac. 874].)

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 28, 1926, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1926.