[Civ. No. 3501.   Third Appellate District.—May 5, 1928.]

WALTER L. HOGAN, Plaintiff and Appellant, v. UNA MARGARET LOCKE PADDON et al., Respondents; J. A. COLEY et al., Interveners and Appellants.

Harold C. Faulkner for Plaintiff and Appellant.

H. M. Anthony for Interveners and Appellants.

Robert Duncan and Clarence A. Linn for Respondents.

JAMISON, J., *pro tem.*—This was an action brought by appellant, Walter L. Hogan, in which interveners joined, to vacate a certain judgment theretofore rendered against plaintiff and Charles L. Paddon and to restrain respondents from the enforcement of said judgment and to vacate a certain judgment rendered against interveners and to restrain the enforcement of said last-named judgment.

The facts leading up to the bringing of this action are as follows:

On November 3, 1922, in a certain action then pending, wherein Una Margaret Locke Paddon was plaintiff and William Locke Paddon was defendant, the court made an order requiring said defendant to pay to said plaintiff, *pendente lite,* alimony in the sum of $300 per month and the further sums of $200 on account of attorney fees and costs amounting to $100.

From this order said defendant appealed, and to stay execution executed an appeal bond in the sum of $10,200

with W. L. Hogan and Charles L. Paddon as sureties. The said order appealed from was affirmed and thereafter, on motion of Una Margaret Locke Paddon, judgment was rendered in her favor against the said sureties on said appeal bond, namely, W. L. Hogan and Charles L. Paddon, for the sum of $6,595.38.

From this judgment appellant Hogan and his cosurety Charles L. Paddon appealed and upon this appeal gave a *supersedeas* bond in the sum of $13,200 to stay execution, with the interveners herein as sureties. The appeal of said Hogan and said Charles L. Locke Paddon was dismissed and thereafter, on motion, judgment was rendered against said interveners, as sureties on said last-named appeal bond for $6,773.55. On January 27, 1926, respondent Una Margaret Locke Paddon had an execution issued against appellant Hogan and his cosurety Charles L. Locke Paddon on said judgment rendered against them as aforesaid, for the amount of said judgment, to wit, $6,595.38, directed to the sheriff of the city and county of San Francisco, and thereafter said sheriff returned said execution satisfied to the extent of $38.40.

On April 2, 1926, said Una Margaret Locke Paddon had another execution issued on said last-named judgment for the sum of $6,788.37 against said appellant Hogan and his cosurety Charles L. Paddon, which was levied upon the lands of appellant Hogan, and the same were advertised for sale by said sheriff of the city and county of San Francisco. Thereupon, appellant Hogan began this action and upon the trial thereof judgment was rendered in favor of respondent Una Margaret Locke Paddon and from which judgment appellant Hogan and said interveners have appealed.

Appellants have specified five reasons why this last-named judgment should be reversed. The first of which is that the *supersedeas* bond given by William Locke Paddon to stay execution upon appeal from the order for the payment of the $300 per month alimony to said Una Margaret Locke Paddon, in her action against William Locke Paddon, and which appeal bond was signed and executed by appellant Hogan and his cosurety Charles L. Paddon was not a statutory bond, that is to say, it was not the kind of a bond upon which the court was authorized

to enter a judgment on motion after an affirmance by the supreme court.

It is well settled by the decisions of the higher courts that a proceeding to obtain, on motion, in an original suit, a judgment against sureties, under section 942 of the Code of Civil Procedure, is permitted only on a statutory undertaking. (*McCallion* v. *Hibernia Savings & Loan Society,* 98 Cal. 442 [33 Pac. 329] ; *Loudon* v. *Loudon,* 63 Cal. App. 204 [218 Pac. 442].)

The first bond filed by William Locke Paddon on his appeal from the order of the court that he pay alimony to Una Margaret Locke Paddon in the sum of $300 per month was for the sum of $7,500. On December 28, 1923, by stipulation of the attorneys representing Una Margaret Locke Paddon and William Locke Paddon, the court ordered this bond to be withdrawn and one for $10,200 file in its place and stead. Said last-named bond being a follows:

" (Title of court and cause.)

"Whereas, the defendant, William Locke Paddon, in the above entitled action, has appealed to the Supreme Court from an order made and entered against the defendant in said action, in the said Superior Court, in favor of the plaintiff in said action, on the 3rd day of November, 1922, for the sum of $300.00 per month and the sum of $200.00 counsel fees and $100.00 costs of suit and from the whole thereof.

"The sum of $300.00 having been paid on account of said order,

"And, whereas, the appellant is desirous of staying the execution of said order so appealed from, we, the undersigned, in consideration thereof, and of the premises, jointly and severally, undertake and promise, and do acknowledge ourselves further jointly and severally bound in the further sum of Ten Thousand Two Hundred Dollars, being double the amount named in the said order for a period 17 months from the date of said order, that if the said order appealed from, or any part thereof be affirmed, or the appeal be dismissed, the appellant will pay the plaintiff herein the amount directed to be paid by the said William Locke Paddon, or the part of such amount as to which the same shall be affirmed, if affirmed only in part,

and all damages and costs which may be awarded against the appellant upon the appeal, that if the appellant does not make such payment within thirty (30) days after the filing of the *remittitur* from the Supreme Court in the Court from which the appeal is taken, judgment may be entered on motion of the respondent, in plaintiff's favor against the undersigned sureties for said sum of $10,200.00, or the amount of the judgment affirmed together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant on the appeal.

"Witness our hands this 21st day of December, A. D. 1923.

"W. L. Hogan.
"Chas. L. Paddon."

This appeal bond appears to follow in all respects the requirements of section 942 of the Code of Civil Procedure, which provides that if the appeal is from a judgment or order directing the payment of money, the execution thereon is not stayed unless a written undertaking be executed on the part of the appellant with two or more sureties in double the amount named in the judgment or order. Said section further provides that if the judgment or order be affirmed the appellant will pay the amount directed to be paid by the judgment or order affirmed, together with damages and costs awarded against the appellant on the appeal, and that if he does not make such payment within 30 days after the filing of the *remittitur* from the supreme court in the court from which the appeal is taken, judgment may be entered on motion of the respondent in his favor against the sureties for such amount.

Appellant asserts that this bond is not a statutory bond, because the amount of the bond was fixed by stipulation and not by the statute. As a matter of fact, the amount of the bond was designated by order of the court upon the stipulation of the parties. In the case of *Hammond* v. *United States F. & G. Co.*, 29 Cal. App. 464 [155 Pac. 1023], the court said: "It would seem hardly open to question that in lieu of having the amount of the undertaking fixed by the court the parties may be permitted to stipulate as to what the amount shall be."

In a case of this kind, that is to say, in an action for divorce brought by a wife against the husband, in which the court has made an order for the payment by the husband to the wife of a certain sum per month as alimony and the husband appeals from the order, the court is authorized in determining the amount of the *supersedeas* bond required by said section 942 to take into consideration the amount of the monthly allowance and the probable duration of the appeal in fixing the amount of the bond, which, under the provisions of said section 942, the appellants must give to stay execution upon said order. (*Sharon* v. *Sharon*, 67 Cal. 199 [7 Pac. 456, 635, 8 Pac. 709]; *Schallman* v. *Hass*, 33 Cal. App. 28 [164 Pac. 336]; *Smith* v. *Smith*, 201 Cal. 217 [256 Pac. 419].)

In the instant case the court estimated the duration of the appeal at 17 months, which would have placed the amount of the judgment at $5,100, after deducting the $300 that was paid by appellants, and fixed the amount of the bond at $10,200.

Appellant claims that if he and his cosurety were liable on this bond at all, that upon the affirmance of the judgment their liability would be for the sum of $5,100 with interest and costs, which would be $600 less than the amount of the judgment rendered against them. The appeal bond which appellant and his cosurety executed sets forth that the order appealed from was an order entered against the defendant and in favor of the plaintiff for the sum of $300 per month, and it further recited that if said order was affirmed that appellant and his cosurety would pay to the plaintiff the amount directed to be paid by the said William Locke Paddon. The length of time that elapsed from the date of the making of said order to the date of the affirmance of the order by the supreme court was 19 months, making the amount which William Locke Paddon was directed to pay to his said wife by virtue of said order and affirmance thereof on appeal, the sum of $5,700, exclusive of interest and costs.

In the case of *Hammond* v. *United States F. & G., supra*, the court said: ''The sureties are bound by the statements in their contracts and cannot question the truth of such recitals.'' While sureties in an instrument may stand on the letter of their bond or undertaking, still, like all

other obligations an appeal bond is subject to be so construed as to carry out the obvious intention of the parties. (*Gerrior* v. *Superior Court*, 69 Cal. App. 186 [230 Pac. 967].)

When the sureties to the undertaking on appeal agreed that in case of the affirmance of the judgment by the appellate court, and of its nonpayment by the judgment debtor, judgment might be entered against them in the court from whose judgment the appeal was taken, they, in effect, voluntarily made themselves parties to the action and submitted themselves to the jurisdiction of the court. (*Meredith* v. *Santa Clara Min. Assn.*, 60 Cal. 617.)

The position of a surety on an undertaking on appeal is therefore similar to that of an ordinary surety on an obligation who has been regularly joined as a party defendant. (*Le Fleur* v. *M. A. Burns Lumber Co.*, 188 Cal. 321 [205 Pac. 102].) It is apparent that by the terms of this appeal bond appellant and his cosurety bound themselves to pay the amount, upon the affirmance of said order, that William Locke Paddon could legally be directed to pay, which was the sum of $5,700 with interest and costs. By signing the undertaking on appeal the surety consented that judgment should be entered against him on motion for the amount as to which the judgment appealed from was affirmed. (*Gray* v. *Cotton et al.*, 174 Cal. 256 [192 Pac. 1019].)

Another claim for reversal of the judgment is that after the entry of the summary judgment against him and his cosurety for said sum of $6,595.38, respondent caused an execution to be issued for the sum of $73 and placed in the hands of the sheriff of the city and county of San Francisco, under which the said sheriff levied upon certain lands belonging to appellant and that by causing said execution to be issued for the sum of $73, respondent released all of the judgment in excess of that sum.

It appears from the evidence that the execution was issued for the full amount of the judgment, and that respondent caused the same to be placed in the hands of the sheriff with copies of said execution having blank spaces thereon for amount of judgment and costs. The sheriff, through error or mistake, neglected to fill in on said copies the sum of the judgment, filling in the blank for costs to the amount of $73 only. He levied said execution upon certain

real estate owned by appellant and sold the same for $40, making said sale, giving and recording notices of levy and sale in accordance with said erroneous amount of the judgment, as set forth in said copies of the execution.

However, in making his motion upon said execution, he made the return upon the original execution, which showed the full amount of the judgment, his return thereon showing satisfaction of said execution in the amount of some $38.

There is authority to the effect that if the judgment creditor issues an execution and directs a levy for an amount less than that to which he was entitled under the judgment he cannot subsequently issue another execution for the balance. (*Ransom* v. *Onondaga C. P.,* 3 Wend. [N. Y.] 331.)

No evidence was offered in this case that the judgment creditor directed the sheriff to levy for any sum less than the full amount of the judgment. We think that the finding of the court that the execution was issued for the full amount of the judgment and not for the sum of $73 is fully supported by the evidence.

The order of November 3, 1922, requiring William Locke Paddon to pay to his wife alimony in the sum of $300 per month continued in force up to the time appellant brought this action and was in force at the trial thereof.

After the affirmance by the supreme court of this order and on September 5, 1924, respondent Una Margaret Locke Paddon filed two affidavits for an order to show cause why said William Locke Paddon should not be adjudged in contempt of court for failure to comply with said order of November 3, 1922, and on said last-named date the court made an order citing the said William Locke Paddon to appear before it on September 12, 1924, to show cause why he should not be punished for contempt. On September 12th the hearing of said last-named order was continued for one week and thereafter the hearing of said last-named order was continued many times up to about April, 1926.

It appears that on a number of occasions, commencing in September, 1924, and continuing until the forepart of 1926, the injunction issued against William Locke Paddon and the corporations therein named, where injunction had been granted upon the application of Una Margaret Locke Paddon in her action for divorce against William Locke

Paddon, was by order of the court modified and through said modification certain lands against which said injunction was operative were released from said injunction and by reason thereof sums of money were realized, a portion of which by stipulation of the attorneys representing all the parties named in said injunction was placed to the credit of William Locke Paddon and by him paid over to his said wife to apply on said monthly alimony. The exact amount that was so paid over to said Una Margaret Locke Paddon by William Locke Paddon, accruing from said releases, is not shown, but it was stipulated that it was over $1,500.

It further appears that the total amount paid over to respondent Una Margaret Locke Paddon, by William Locke Paddon from September 12, 1924, to the last of March, 1926, was $4,624.82.

Appellant claims that this amount should have been credited on the judgment against him and his cosurety. This money was paid to Una Margaret Locke Paddon, or her attorney, by William Locke Paddon, or upon his order, to apply on the monthly alimony ordered by the court.

The evidence shows that it was applied on the alimony accruing after the affirmance of the order by the supreme court on the appeal of appellant and his cosurety, and that it was paid after Una Margaret Locke Paddon had assigned to John W. Preston all moneys due her by virtue of said judgment against the appellant and his cosurety on the appeal bond.

Appellant cites section 1479 of the Civil Code as authority for his claim that the said sum of $4,624.82 should have been credited on the judgment aforesaid, but subdivision 2 of that section authorizes the creditor to place it upon any obligation due him from the debtor, unless the debtor had specified the particular obligation upon which he desired it applied. No direct specification was made by the debtor in this case and upon receipt of the money Una Margaret Locke Paddon applied it on the monthly alimony accruing after the said affirmance of the order and this way of applying said sum of money appears to the court to have been the application intended by the debtor William Locke Paddon.

As a general proposition, where a principal makes payment from funds which are his own, and which are free from any equity in favor of the surety to have the money applied to the debt for which the surety is liable, the surety has no power to direct that the payment shall be applied to any particular debt. (*Bross* v. *McNicholas*, 66 Or. 42 [Ann. Cas. 1915B, 1272, 133 Pac. 782]; *Merchants Ins. Co.* v. *Herber*, 68 Minn. 420 [71 N. W. 624]; *Crane Co.* v. *Pacific Heat & Power Co.*, 36 Wash. 95 [78 Pac. 460]; 21 R. C. L. 1128.)

And in this connection appellant contends that he was released as said surety by reason of said releases upon the theory that the release of the property of the judgment debtor, without the consent of the surety, released the surety to the extent that the judgment creditor was thereby benefited. This contention has nothing to support it. There is no evidence that at the date said releases were made that William Locke Paddon was the owner of any of the property described in said releases. On the contrary, the evidence tends to show that at the date of said releases he did not own any of the property included in them.

The moneys secured through some of the releases were paid to him or placed to his account. Just why this was done is not disclosed. Regardless of how that came about, he paid it or caused it to be paid to his said wife or to her attorney, to apply on said monthly alimony.

It does not appear that appellant had, as surety as aforesaid, any equity in the funds realized by the aforesaid releases or any right to have them applied on the debt for which he is surety.

The court is of the opinion that the bond on appeal executed by appellant and his cosurety is a statutory bond, and that the court was authorized to render judgment thereon without notice to said sureties, although the judgment recites that appellant was personally present in court at the hearing of said motion.

We deem it unnecessary to pass upon the question as to whether or not the issues in this case are moot.

The judgment is affirmed.

Plummer, J., and Hart, Acting P. J., concurred.