[Civ. No. 8515. Second Appellate District, Division Two.—August 7, 1934.]

RALPH Q. GARDNER, Appellant, v. CITY COUNCIL OF CITY OF TUJUNGA et al., Respondents.

[Civ. No. 8542. Second Appellate District, Division Two.—August 7, 1934.]

RALPH Q. GARDNER, Respondent, v. CITY COUNCIL OF CITY OF TUJUNGA et al., Defendants; CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, Biby & Biby and John E. Biby for Appellant in Civ. No. 8515 and for Respondent in Civ. No. 8542.

Erwin P. Werner and Ray L. Chesebro, City Attorneys, Frederick von Schrader, Assistant City Attorney, and Robert J. Stahl, Deputy City Attorney, for Respondents in Civ. No. 8515 and Appellant in Civ. No. 8542.

SCOTT, J., *pro tem.*—In September, 1931, a petition for consolidation of the City of Tujunga with the City of Los Angeles was presented to the City Council of Tujunga. The names were checked over and declared sufficient. A special election was called and held on January 5, 1932, and said city council thereafter declared that a majority of the votes cast favored consolidation and that said proposition was adopted. On February 26, 1932, the city council of Los Angeles adopted an ordinance approving such consolidation, which was published February 29th. March 2d appellant Gardner filed his petition for a writ of review in the superior court. A demurrer was interposed and overruled and the writ was issued returnable March 17th. On that date City of Los Angeles appeared as successor to City of Tujunga and moved to dismiss. Its motion was denied, and from the order denying that motion City of Los Angeles has appealed (case Civ. 8542). The case was tried on March 30th, being submitted on a stipulation of facts, and judgment for respondents was rendered on April 22d. From this judgment petitioner appeals (case Civ. 8515).

■ The order of the trial court denying motion of City of Los Angeles to dismiss not being an appealable order, such appeal must be dismissed. (Code Civ. Proc., sec. 963.)

■ Appellant Gardner contends that the consolidation proceedings are invalid because the City Council of Tujunga was exercising judicial functions when it determined the sufficiency of the petition requesting the election and declared that the two cities were contiguous; that the proof of those matters was legally insufficient and that therefore the city council exceeded its jurisdiction in so determining them.

The statute under which this proceeding was instituted (Act 5166, Deering's Gen. Laws) requires that the petition requesting the election be "signed by not less than one-fourth in number of the qualified electors of any municipal corporation, as shown by the registration of electors of the county in which such municipal corporation is situated"; and further requires that such municipal corporations be contiguous. Appellant concedes that it was sufficiently proved that the petition was properly signed by 620 qualified electors. He does not contend that as a matter of fact that number of signers was not one-fourth of the qualified electors, but he urges that proof of that fact was required and was not presented. Similarly, appellant does not contend that as a matter of fact the two cities were not at that time contiguous, but he urges that proof of the fact that they were contiguous was required and was not presented.

The determination by the City Council of Tujunga that the petition contained signatures of one-fourth of the qualified electors of that city was not a judicial act. It was the doing of a merely ministerial act, and the nature and extent of the proof to which they resorted cannot be questioned in this proceeding. (*Wolfskill* v. *City Council of Los Angeles,* 178 Cal. 610 [174 Pac. 45].) ■ If it be conceded that the determination by such city council that the two cities were contiguous was the exercise of a judicial function, it would appear that they were permitted, if not required, to take judicial notice of the boundary lines of their city and of another municipality adjacent thereto (*Rich* v. *McClure,* 78 Cal. App. 209 [248 Pac. 275]); and ample support was thus afforded for the finding that the two cities were contiguous within the meaning of the act.

It appears that on March 7, 1932, and prior to the issuance of the writ in case Civil 8515, papers had been filed with the Secretary of State setting out that the acts necessary to consolidate the two cities had been completed: City of Los Angeles, taking the view that by reason thereof the City Council of Tujunga had ceased to exist and the members thereof were no longer officials, proceeded to defend the validity of said council's acts on the assumption that it was the successor in interest to the City of Tujunga and responsible therefor.

In case Civil 8515 the judgment is affirmed. In case Civil 8542 the appeal is dismissed.

Craig, Acting P. J., and Desmond, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 1, 1934.