[Civ. No. 14312.   Second Dist., Div. Three.   Jan. 11, 1944.]

MARGHERITA MULE et al., Petitioners, v. THE SUPE-
RIOR COURT OF LOS ANGELES COUNTY et al.,
Respondents.

Hy Schwartz for Petitioners.

Chas. W. Rollinson for Respondents.

BISHOP, J. pro tem.—An action having been commenced by one Paul J. Ocello against the petitioners before us, a mother and her infant daughter, to have it judicially determined that he was not the father of the daughter, born out of wedlock, they made a motion to obtain an order requiring Ocello to pay them a sum to be used as costs and attorney fees in their defense of his action. In this proceeding petitioners seek a peremptory writ compelling the respondent court to hear their motion. We have concluded that their motion can have no merit and that as a consequence they have no right to demand a hearing on its merits.

Petitioners pin their hope for a peremptory writ on *Carbone* v. *Superior Court* (1941), 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260], where such a writ was issued. There the petitioner had vainly sought to obtain a sum for costs and attorney fees to enable her to prosecute an action brought under section 196a, Civil Code, the section which authorizes the bringing of a suit to enforce the obligation of a father to support his minor child. The problem before the court was to determine whether or not the section made possible an order at the inception of the suit requiring the defendant to advance a sum for costs and attorney fees. The Supreme Court found that authority for such an order existed since the 1939 amendment to the section. It pointed out, however, that prior to the amendment it had been held, in *Schallman* v. *Haas* (1917), 33 Cal.App. 28, 32 [164 P. 336], that "the right to counsel fees, costs and support pending the final determination of the action [brought under section 196a, Civil Code] was denied." No question was raised as to the correctness of the Schallman decision, which was based on the theory that a court has no inherent power to order a party to a suit to provide his adversary with the

means to prosecute or defend it; if the court has power to make such an order it is due to a grant from the Legislature.

█ Section 196a does not grant such power, generally. Plainly it is limited to actions brought to enforce a parent's obligation to support and educate his or her, minor child. But that is not the nature of the action pending in the respondent court. It is an action for declaratory relief. The plaintiff there sought a declaration, "negative in form and effect," as authorized by section 1060, Code of Civil Procedure, that he was not the father of the minor child in question, "either by birth or adoption." We know of no statutory authority which would support an order compelling the plaintiff in such an action to furnish the defendant the means of preparing and making a defense. If this is a gap in the law which should be filled, it should receive the attention of the legislative division of the state government. We have no power to write provisions into the statutes.

For the reasons stated we are of the opinion that the petition fails to state facts entitling the petitioners to a peremptory writ of mandate. The petition is denied.

Desmond, P. J., and Wood (Parker), J., concurred.