[S. F. No. 16546. In Bank.—Oct. 17, 1941.]

DIANE LEE CARBONE, a Minor, etc., Petitioner, v. SUPERIOR COURT OF NAPA COUNTY et al., Respondents.

Allen Spivock for Petitioner.

Rutherford, Rutherford & Rutherford for Respondents.

TRAYNOR, J.—Plaintiff, an illegitimate child, brought an action through her mother, her guardian *ad litem,* against the defendant for support and a judicial declaration of paternity. The trial court issued an order directing defendant to show cause why he should not pay support, court costs, and attorney's fees pending determination of the action. Upon defendant's objection that the court had no jurisdiction to order him to make such payments until he was adjudged the father of the child, the court refused to proceed with the hearing or to take any evidence. Plaintiff thereupon petitioned this court for a writ of mandate to compel the respond-

ent court to grant a hearing on the order to show cause, contending that the 1939 amendment to section 196a of the Civil Code gives the court power to order the payment of support, costs, and counsel fees *pendente lite* in an action brought under that section.

 Section 196a provides: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, or by a guardian *ad litem* . . . and in such action the court shall have power to order and enforce performance thereof, the same as under sections 137, 137.5, 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife." The references to sections 137 and 137.5 in the last clause of the section were added in 1939.

Section 137 provides in part as follows: "When an action for divorce is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children, or to support himself and his children, as the case may be, or to prosecute or defend the action."

Under the plain language of section 196a as amended the court in an action to enforce the obligation of a father to support an illegitimate child has the same power to order the performance of that obligation as it has to order the performance of a husband's obligation under section 137 in a suit for divorce by a wife. Under section 137 the court, when an action for divorce is pending, may in its discretion order the husband to pay as alimony any money necessary to enable the wife to support herself and her children or to prosecute the action. Therefore it may likewise in its discretion order the payment of money necessary for the support of the illegitimate child and the prosecution of the action pending its determination. (See 28 Cal. L. Rev. 442, 446.)

 Not only is the amendment clear and explicit in it. terms, but its purpose to provide for an award *pendente lite* is apparent from the previous interpretation of section 196a. Although it was held that the final judgment might include provision for attorney's fees (*Kyne* v. *Kyne*, 38 Cal. App.

(2d) 122 [100 Pac. (2d) 806]; *Arias* v. *Kalensnikoff*, 10 Cal. (2d) 428 [74 Pac. (2d) 1043, 115 A. L. R. 163]) and support of the illegitimate child from the date of filing the complaint (*Kyne* v. *Kyne, supra; Mathews* v. *Hornbeck*, 80 Cal. App. 704 [252 Pac. 667]), the right to counsel fees, costs, and support pending the final determination of the action was denied. (*Schallman* v. *Haas*, 33 Cal. App. 28 164 Pac. 336].) The legislature in adopting the amendment presumably had these decisions in mind and intended to change the law. (*Whitley* v. *Superior Court*, 18 Cal. (2d) 75 [113 Pac. (2d) 449]; *Hoffman* v. *McNamara*, 102 Cal. App. 280 [282 Pac. 990]; *People* v. *Weitzel*, 201 Cal. 116 [255 Pac. 792, 52 A. L. R. 811]; *Pierce* v. *Riley*, 21 Cal. App. (2d) 513, 520 [70 Pac. (2d) 206]. See *Thomas* v. *Driscoll*, 42 Cal. App. (2d) 23 [108 Pac. (2d) 43].)

The contention that the reference to section 137 incorporates only the latter part of that section is untenable. That part provides for enforcement of a final judgment in a separate maintenance action by such orders as the court may from time to time deem necessary. Not only did the court have this power with respect to enforcement of the obligation to support the illegitimate child before the amendment to section 196a (see Civ. Code, sec. 138 and *Sweet* v. *Hamilothoris*, 84 Cal. App. 775, 782 [258 Pac. 652]), but the reference to section 137 makes *all* the appropriate provisions of that section applicable to an action brought under section 196a.

Respondent contends that the defendant cannot be ordered to support the plaintiff until he is proved to be her father. The situation, however, is basically the same as in a divorce action when the fact of marriage is denied. Proof of parentage is a jurisdictional prerequisite for an order to support an illegitimate child (*Kyne* v. *Kyne, supra*) just as the existence of the marriage is a jurisdictional prerequisite for the right of the court to order support, costs, and counsel fees *pendente lite* in an action for divorce. (*Hite* v. *Hite*, 124 Cal. 389 [57 Pac. 227, 71 Am. St. Rep. 82, 45 L. R. A. 793]; *In re Cook*, 42 Cal. App. (2d) 1 [108 Pac. (2d) 46]. See *Lorraine* v. *Lorraine*, 8 Cal. App. (2d) 687, 697 [48 Pac. (2d) 48].) Even though the defendant in an action for di-

vorce denies the existence of the marriage, the court may nevertheless make the order if defendant is given an opportunity to be heard and the marriage is proved by a preponderance of the evidence. (See *Hite* v. *Hite, supra; Bancroft* v. *Bancroft,* 9 Cal. App. (2d) 464 [50 Pac. (2d) 465].) The application is determined upon a record of its own and results in an appealable judgment independent of the final judgment in the action. (*Robbins* v. *Mulcrevy,* 101 Cal. App. 300 [281 Pac. 668].) Although such an order implies a finding of the existence of the relationship, the proceeding need not be so complete nor the evidence so extensive as upon the trial of the issues of the case and the order therefore does not determine those issues nor affect the final judgment. (*Sharon* v. *Sharon,* 75 Cal. 1 [16 Pac. 345] ; *Hite* v. *Hite, supra.*)

Since the decisions interpreting section 137 are directly applicable to actions under 196a, the plaintiff, upon the hearing of the order to show cause, must prove by a preponderance of the evidence that the defendant is her father before he can be ordered to pay her support, costs of suit, or counsel fees pending the trial of the issues of the case. The defendant must be given an opportunity to be heard and to present his evidence. Then, even though the court upon a preponderance of the evidence presented at the hearing issues the order, its implied finding of paternity is not *res judicata* nor determinative of the issue of parentage at the trial. The proceeding is merely a hearing upon an order to show cause for the purpose of determining plaintiff's right to an award *pendente lite,* and while defendant may put the jurisdictional prerequisite of parentage in issue, the evidence produced by the parties need not be so extensive as at the trial of the action. The resulting judgment is temporary in effect; except as to payments already accrued thereunder, its operation terminates upon the final determination of the action or upon order of the court. It is appealable independently of the final judgment in the case. The rights of an alleged father in an action under section 196a thus receive the same protection as those of an alleged husband under section 137.

In the instant case the trial court erroneously refused to permit plaintiff to introduce any evidence of paternity. Both plaintiff and defendant should have been heard on the order to

show cause and a decision made as to the allowance of support, attorney's fees, and costs pending the trial of the action.

Let the writ of mandate issue as prayed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., and Carter, J., concurred.