[Civ. No. 9319. Fourth Dist., Div. One. July 15, 1969.]

PATRICIA ANNETTE HODGE, Plaintiff and Respondent, v. RICHARD LEE GOULD, Defendant and Appellant.

Hunter, Schroeder & Renshaw and Daniel B. Hunter for Defendant and Appellant.

John Kosmas for Plaintiff and Respondent.

AULT, J. pro tem.*—Patricia Annette Hodge filed a verified complaint in the Superior Court of San Diego County in which she alleged the defendant Richard Lee Gould was the father of her unborn child. She also obtained an order from the court directing the defendant to appear on April 2, 1968, and show cause, if any he had, why he should not be required to pay temporary support and maintenance for the unborn child, medical and hospital expenses incident to its birth and plaintiff's attorney's fees and costs in the action.

Before the April 2d hearing, defendant filed a verified answer in which he denied he was the father of the child and placed in issue plaintiff's need for the funds requested and his own financial ability to pay. Defendant and his attorney appeared in court for the hearing on the order to show cause. After the attorney for the plaintiff made a brief recital of the facts alleged in the complaint, the following exchange took place between the court and the attorney representing the defendant:

"MR. HUNTER: I would like to point out that at this particular time, if you will let me, a proceeding merely on the filing of a complaint for paternity is insufficient showing that the defendant is the father of this child to sustain any order by the Court in this connection at this time.

"THE COURT: I hear that all the time. You can have the blood tests made.

"MR. HUNTER: I would also like that at an appropriate time that a blood test be made.

"THE COURT: I'll order him to pay all of the hospital and doctor bills and $350. attorney fees, and he'll pay, if the blood tests bear out the paternity of the child on the presumption, he'll pay $125 a month for the support of the child."

No evidence was introduced at the hearing. On April 12, 1968, the court signed a written order, ordering the defendant to pay all the medical and hospital expenses incident to the child's birth, attorney's fees to plaintiff's attorney in the amount of $350 and support for the child after its birth in the sum of $125 per month "if defendant is not excluded as the

*Assigned by the Chairman of the Judicial Council.

father of the child by the blood tests.'' Defendant appeals from the temporary order. Respondent has filed no brief in opposition.

■ In an action to establish the paternity of an illegitimate child, the court may make pendente lite orders for support, medical and hospital expenses and attorney's fees, but before such orders can be made the plaintiff must establish the defendant to be the father of the child by a preponderance of the evidence. (*Carbone* v. *Superior Court,* 18 Cal.2d 768, 772 [117 P.2d 872, 136 A.L.R. 1260] ; *Krog* v. *Krog,* 32 Cal.2d 812 [198 P.2d 510] ; *Richter* v. *Superior Court,* 214 Cal.App.2d 821, 823-824 [29 Cal.Rptr. 826].) The application requires a hearing, and the defendant must be given the opportunity to be heard and present evidence. (*Carbone* v. *Superior Court, supra,* p. 772.) ■ In the instant case defendant had denied paternity by his verified answer. Since no evidence, oral or documentary, was introduced at the hearing, the evidence on the issue of paternity could not preponderate in plaintiff's favor and there was no legal basis upon which the court could make an order for support, medical expense or attorney's fees.

The fact the order for child support was conditioned upon defendant's not being excluded as the father by blood tests to be made in the future does not aid the order. Blood tests may be used to exclude a defendant as the possible father of a child, but no inference or presumption of paternity arises from the mere fact that such tests fail to exclude him. (Evid. Code, § 895 ; Witkin, Cal. Evidence (2d ed. 1966), § 660, p. 620.)

The order is reversed.

Brown (Gerald), P. J., and Coughlin, Jr., concurred.