[Civ. No. 33070. First Dist., Div. Two. Oct. 10, 1973.]

DIAGNOSTIC DATA, INC., Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD et al.,
Defendants and Respondents.

**COUNSEL**

Miller, Groezinger, Pettit & Evers, Robert M. Cassel and Charles S. Loughran for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and David J. Bowie, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**THE COURT.**—Appellant employer, Diagnostic Data, Inc., appeals from a judgment of the Santa Clara Superior Court denying its petition for a writ of mandate.

■ Under section 1030.5 of the Unemployment Insurance Code, a penalty may be assessed against the employer's reserve account where the employer "willfully makes a false statement or representation or willfully fails to report a material fact concerning the termination of a claimant's employment, . . ." The provision does not require an "intent to deceive." We may properly assume that when the Legislature added section 1030.5 to the code[1] it was aware of the language used in subdivision (a) of section 1257[2] of the same code, and if it had wished to impose an "intent" requirement, it would have adopted language such as that found in section 11482[3] of the Welfare and Institutions Code.

"It has been held that answers to written questions set forth in application forms relative to insurance are generally *deemed* material representations [citations]; and that in the making of a false representation which is material to the risk the presence of an intent to deceive is not essential [citation]." (*Cal-West. States etc. Co.* v. *Feinsten* (1940) 15 Cal.2d 413, 423 [181 P.2d 696, 131 A.L.R. 608].) The criminal cases relied on by appellant are not in point. (See *People* v. *Lustman* (1970) 13 Cal.App.3d 278, 286 [91 Cal.Rptr. 548] [cert. den. 405 U.S. 932 (30 L.Ed.2d 807, 92 S.Ct. 989)].) ■ While there is conflicting evidence regarding claimant's departure from appellant's employ, the record supports the view that claimant's departure was not voluntary (*Pacific Maritime Assn.* v. *California Unemp. Ins. Appeals Board* (1965) 236 Cal.App.2d 325, 338, 340 [45 Cal.Rptr. 892]), and the principles of appellate review of rulings of the California Unemployment Insurance Appeals Board (see *General Motors Corp.* v. *Cal. Unemployment Ins. Appeals Bd.* (1967) 253 Cal. App.2d 540, 545 [61 Cal.Rptr. 483]) require us to uphold the conclusion that claimant did not "resign" and that appellant's statement to that effect was a willful misrepresentation.

---

[1] Added by Statutes 1963, chapter 1544, page 3127, section 1.

[2] Added by Statutes 1953, chapter 1294, page 2854.

[3] Section 11482 of the Welfare and Institutions Code provides: "Any person . . . who willfully and knowingly, with the intent to deceive, makes a false statement or representation or knowingly fails to disclose a material fact to obtain aid, . . ."

■ On appeal, appellant now contends that it was denied due process in the conduct of the hearing. The record establishes that two hearings were provided appellant. The first was continued by the referee because appellant's director of research, who was claimant's immediate supervisor, was unable to appear to offer direct testimony relative to the termination of claimant's employment. Appellant has made no showing of unfairness, and its contention is without merit.

Judgment affirmed.