[Civ. No. 44335. First Dist., Div. Three. Nov. 3, 1978.]

CITY AND COUNTY OF SAN FRANCISCO et al.,
Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
CARLOS A. POSADA, Real Party in Interest.

CITY AND COUNTY OF SAN FRANCISCO et al.,
Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
KENNY MACK, Real Party in Interest.

CITY AND COUNTY OF SAN FRANCISCO et al.,
Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
JOHN PRESSLEY, Real Party in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Laurence K. Sullivan, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Stevens & Stevens, James E. Stevens, Richard O. Stevens, Kennedy Smith and Jerome Berg for Real Parties in Interest.

## OPINION

**WHITE, P. J.—** This writ petition raises the issue whether the City and County of San Francisco, as assignee of its AFDC (aid to families with dependent children) welfare recipients, can compel payment by the putative fathers of child support pending final determination of paternity. The question turns upon the applicability of Civil Code, section 196a, which provides that child support in paternity actions will be governed by the same provisions as apply in dissolution actions.

The city and county is the primary plaintiff in three separate paternity actions against real parties. Under the authority of section 196a it moved for orders for child support, attorneys' fees, and costs pendente lite in all three actions. In each case the motion was denied without any evidentiary hearing for a preliminary determination of paternity. The city and county contends that it has been denied its statutory right to prove paternity by a preponderance of evidence and to obtain temporary child support payments from real parties.

Civil Code, section 196a provides: "The father as well as the mother of a child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor child, and in such action the court shall have power to order and enforce performance thereof, the same as in a suit for dissolution of marriage."

Civil Code, section 4357 specifically provides that "[d]uring the pendency of any" dissolution, child custody, or child support proceeding "the superior court may order the husband or wife, or father or mother, as the case may be, to pay any amount that is necessary for the support and maintenance of the wife or husband and for the support, maintenance and education of the children, as the case may be. An order made pursuant to this section shall not prejudice the rights of the parties or children with respect to any subsequent order which may be made. Any such order may be modified or revoked at any time except as to any

amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke." Civil Code, section 4370 provides for attorney fees and costs pendente lite in connection with any dissolution proceedings.

In *Carbone v. Superior Court* (1941) 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260], the Supreme Court interpreted the 1939 version of section 196a[1] as providing for an award of child support, attorneys' fees, and costs pendente lite from the date of the paternity complaint. The court concluded that "under 196a, the plaintiff, upon the hearing of the order to show cause, must prove by a preponderance of the evidence that the defendant is her father before he can be ordered to pay her support, costs of suit, or counsel fees pending the trial of the issues of the case. The defendant must be given an opportunity to be heard and to present his evidence. Then, even though the court upon a preponderance of the evidence presented at the hearing issues the order, its implied finding of paternity is not *res judicata* nor determinative of the issue or parentage at the trial. The proceeding is merely a hearing upon an order to show cause for the purpose of determining plaintiff's right to an award *pendente lite*, and while defendant may put the jurisdictional prerequisite of parentage in issue, the evidence produced by the parties need not be so extensive as at the trial of the action. The resulting judgment is temporary in effect; except as to payments already accrued thereunder, its operation terminates upon the final determination of the action or upon order of the court." (18 Cal.2d at p. 772.)

Although both section 196a and the divorce sections have changed since the *Carbone* case was decided, none of the changes materially affects the right to pendente lite awards in paternity actions. Section 196a still incorporates the pendente lite provisions applicable to divorce/dissolution actions, which still include pendente lite payments of child support, attorney fees, and costs. (Cf. Civ. Code, §§ 196a, 4357, and 4370 with Stats. 1939, ch. 424, § 1, p. 1758, Stats. 1937, ch. 183, § 1, p. 479, Stats. 1931, ch. 930, § 1, p. 1928, and Stats. 1929, ch. 84, § 1, p. 160.)

The fact that any pendente lite award may primarily benefit the city and county instead of the custodial parent does not create a legal distinction from *Carbone*. The custodial parent receiving AFDC aid, by operation of law, assigns all rights to child support to the county (Welf. &

---

[1]At that time, the statute applied only to "illegitimate" children, perpetuated now discarded sexual stereotypes, and referred to then current divorce provisions (see Stats. 1939, ch. 424, § 1, p. 1758; *Carbone v. Superior Court* (1941) *supra*, 18 Cal.2d 768, 770).

Inst. Code, § 11477, subd. (a)), and the district attorney of the county giving aid must enforce the obligation against any obligor (Welf. & Inst. Code, § 11475.1; Civ. Code, § 248). No principle of law allows discriminatory treatment of the provider of support because it is also a public entity.

The petition and the briefs of the parties fully present the determinative issue. An alternative writ would add nothing to the full presentation already made. A peremptory writ is proper (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]) and should issue.

Let a peremptory writ of mandate issue directing the Superior Court of the City and County of San Francisco to set aside its orders denying pendente lite child support, attorney fees and costs and, upon motion by petitioner, to reconsider the propriety of issuing such pendente lite awards in light of the views expressed herein.

Scott, J., and Halvonik, J., concurred.