In the Interest of C____ D____ V____, a Child.

No. 9051.

Court of Civil Appeals of Texas, Amarillo.

Oct. 26, 1979.

Lloyd D. Stansberry, Staff counsel for Inmates, Texas Dept. of Corrections, Sugar Land, for appellant.

Bruce L. Parker, Pampa, Warner & Finney, John W. Warner, Pampa (on appeal only), for appellees.

COUNTISS, Justice.

The biological father of the minor child C._____ D._____ V._____ appeals from judgments denying his petition for voluntary legitimation and terminating his parental rights in an adoption proceeding. Questions presented by this appeal are (1) whether the statute of limitations set out in section 13.01 of the Family Code is applicable to voluntary legitimation proceedings under section 13.21 of the Family Code; (2) whether the trial court erred in denying the father's petition for voluntary legitimation; and (3) whether the termination of the father's parental rights was proper in the absence of pleadings requesting that relief. We reform the judgment of the trial court in the adoption proceeding in order to eliminate the provision terminating the father's parental rights and, as reformed, affirm the judgments of the trial court.

The minor child C._____ D._____ V._____ is the product of a relationship between the child's biological parents that began in 1972 or 1973 and continued sporadically until the father was committed to the Texas penitentiary in February of 1978. The mother was married to another man during the term of the relationship but divorced him and married her present husband after C._____ D._____ V._____'s father was committed to the penitentiary. The child's parents lived together at various places for various periods of time during their relationship and the child lived with his mother from birth in May of 1976, until late 1977, when the father took him to his paternal grandmother. The child has been living with his mother since May 7, 1978, when she regained possession of him without the grandmother's consent. There is no dispute over the parentage of the child.

On May 9, 1978, the child's mother and her present husband filed a petition seeking termination of the father's rights and adoption of the child by the present husband. They subsequently amended their pleadings and specifically withdrew the request for termination of the father's rights on the ground that "the probable father . . . has no legal status as a parent."

The father filed a general denial in the adoption proceeding and a petition for voluntary legitimation of the child. The trial court, sitting without a jury, first heard evidence on and denied the father's petition for voluntary legitimation, then heard evidence on and granted the present husband's petition for adoption. In the second hearing, the trial court also decreed termination of the father's parental rights. In its conclusions of law, the trial court concluded that the one year statute of limitations in section 13.01 of the Family Code applied to the father's legitimation suit, but also passed on the merits of the case and concluded that there was a conflict between the father and the best interest of the child. The court also concluded that various grounds existed under section 15.02 of the Family Code for termination of the father's parental rights.

The father attacks the judgments of the trial court by seven points of error but does not perfect an appeal from the decree of adoption granted to the mother's present husband.

The father, by his first point of error, attacks the trial court's application of section 13.01 of the Family Code to the father's petition for voluntary legitimation. The statute reads as follows:

Section 13.01. Time Limitation of Suit

A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old, or the suit is barred.

Tex.Fam.Code Ann. § 13.01 (Vernon Supp. 1978–1979).

It is undisputed that the child is not the legitimate child of a man, the person bringing the suit is the child's natural or biological father and the child was more than one year old when the suit was brought.[1]

Chapter 13 of the Family Code is divided into three subchapters. Subchapter A, entitled Paternity Suit, includes the foregoing statute of limitations; Subchapter B, entitled Voluntary Legitimation, contains the various statutes relied on by the father in attempting to legitimize his child in this case; and Subchapter C, entitled General Provisions, contains miscellaneous statutes not pertinent here. We note initially that the statute of limitations is, by its terms, broad enough to encompass any proceeding under chapter 13, even though it is contained in subchapter A. Fortunately, section 13.21 spares us the painful process of attempting to determine legislative intent where none is stated. Section 13.21 establishes the right of voluntary legitimation and by subsection (e) states:

(e) A suit under this section may be instituted at any time.

Tex.Fam.Code Ann. § 13.21 (Vernon Supp. 1978–1979).

By specifically including subsection (e) in section 13.21, we are satisfied that the legislature intended to eliminate any statute of limitations on suits for voluntary legitimation. We hold, therefore, that section 13.01 applies only to paternity suits and has no application to suits for voluntary legitimation. We hold, further, that there is no statute of limitations on suits for voluntary legitimation. The father's first point of error is sustained.

By his second point of error, the father contends that the trial court abused its discretion by denying, on its merits, the petition for voluntary legitimation because the

1. We are aware, of course, of the presumption of legitimacy which initially attached to the child because his mother was married when he was conceived and when he was born. *Thompson v. Thompson*, 572 S.W.2d 761, 763 (Tex. Civ.App.—Tyler 1978, no writ). However, the facts establishing the illegitimacy are undisputed. The trial court so found and no complaint is made of that finding.

denial was against the great weight and preponderance of the evidence.

The statutory provisions in section 13.21 of the Family Code pertinent to this aspect of the case read as follows:

(b) The court shall enter a decree designating the child as the legitimate child of its father and the father as a parent of the child if the court finds that:

(1) the parent-child relationship between the child and its original mother has not been terminated by a decree of a court;

(2) the statement of paternity was executed as provided in this chapter, and the facts stated therein are true; and

(3) the mother or the managing conservator, if any, has consented to the decree.

(c) The requirement of consent of the mother is satisfied if she is the petitioner. If the entry of the decree is in the best interest of the child, the court may consent to the legitimation of the child in lieu of the consent of the mother or managing conservator.

■ It is undisputed that subsections (b)(1) and (2) of the foregoing statute were satisfied. Since the mother did not consent under subsection (b)(3) however, the father can prevail only by securing the consent of the court under subsection (c). He is entitled to that consent only if "entry of the decree is in the best interest of the child."

■ It is well settled that a "best interest of the child" standard, in this context, confers discretion on the trial court to pass on the fitness of one who would assume parental responsibility, and the decision of the trial court will be set aside only if an abuse of that discretion is shown. *Travis County Child Welfare Unit v. Vance*, 566 S.W.2d 112, 115 (Tex.Civ.App.—Dallas 1978, no writ); *See In Interest of K*, 535 S.W.2d 168, 170 (Tex.1976), *cert. denied*, 429 U.S. 907, 97 S.Ct. 273, 50 L.Ed.2d 189 (1976).

■■ We have carefully reviewed all of the evidence and find no abuse of discretion by the trial judge, nor do we find his deci-

sion to be against the great weight and preponderance of the evidence. The evidence establishes that the father is a convicted felon presently incarcerated in the penitentiary with a minimum discharge date of April, 1983. He was initially placed on probation, but the probation was revoked because he was unable to live up to its terms and conditions. The father's support of and devotion to the child is the subject of conflicting testimony, but the mother's testimony, which the trial court was entitled to believe, is that the father would not work and support her or the child, never paid the medical bills incurred by the birth of the child, and caused their mobile home to be sold because he was delinquent in the payments. The evidence also reveals a pattern by the father of sporadic employment in various parts of the country and a general lack of stability in virtually all aspects of his life which pertain to the care and training of a small child. On this record, the trial court did not abuse its discretion in refusing to consent to the petition for voluntary legitimation.

■ In conjunction with the foregoing argument, the father contends that the petition for voluntary legitimation could be denied "only if clear and convincing evidence revealed that legitimation was not in the best interest of the child."

The contention seeks to impose on those who would oppose the legitimation a greater degree of proof than is now required by section 11.15 of the Family Code and seeks to place the burden of proof on those who would oppose the legitimation, by requiring a negative finding that legitimation is not in the best interest of a child. We reject the contention.

Section 11.15 establishes the degree of proof required in cases adjudicated under Title 2, Subtitle A of the Family Code, as follows:

§ 11.15. Findings

The court's findings shall be based on a preponderance of the evidence under rules generally applicable to civil cases.

Thus, preponderance of the evidence is the statutory standard applicable to this case.

 Section 13.21(c) of the Family Code places the burden on the party seeking to convince the trial court that legitimation is in the best interest of the child. The section states "*If* the entry of the decree is in the best interest of the child, the court *may* consent to the legitimation . . ." (emphasis added). Thus, there is no presumption that legitimation is in the child's best interest and the indication in the statute is that the legislature intended that legitimation must encompass more than proof of paternity. We hold, therefore, that the party who would legitimize the child must establish, by a preponderance of the evidence, that legitimation is in the child's best interest when consent of the court is required under section 13.21(c) of the Family Code.

The father's advocacy of a "clear and convincing" standard is based primarily on the U. S. District Court decision in *Sims v. State Department of Public Welfare, Etc.*, 438 F.Supp. 1179 (S.D.Tex.), *rev'd and remanded sub nom. Moore v. Sims*, —— U.S. ——, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) and *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). We note, initially, that the U. S. District Court's decision in the *Sims* case was reversed and remanded by the U. S. Supreme Court on the basis of the abstention doctrine. Even if the theories postulated by the U. S. District Court in *Sims* are valid, they are inapplicable here because Sims involved state action seeking to terminate parental rights. Here we have an individual seeking to establish parental rights. Since the father has the burden of proof, application of a "clear and convincing" standard would result in the imposition of a greater burden on the father than he must now meet under state law.

The father's reliance on *Stanley v. Illinois, supra,* is foreclosed by the Texas Supreme Court decision in *In Interest of K, supra.*[2] After comparing Stanley's holding with our statutory legitimation provisions, the court found no conflict between the two. It stated:

Stanley does not decree that all unwed fathers have fundamental rights to full parental status or that every statutory discrimination against the unwed father is suspect. The overriding interest of state and courts is the welfare of the affected children. We are not nearly so far down the road to unrestrained egalitarianism as to hold that the Constitution guarantees an unwed father parental rights in violation of the best interests of the child.

*In Interest of K, supra,* at p. 171. The father's second point of error is overruled.

 In the remaining points of error, the father complains of the trial court's action in terminating the father's "parental rights" at the conclusion of the adoption hearing. The father utilizes point three to attack the absence of pleadings and the remaining points to attack the merits of the termination. Of course, the father has no parental rights to terminate. Termination is relevant only between the child and one who occupies the legal status of a parent. Tex.Fam.Code Ann. § 15.02, § 11.01(3) (1975), and § 11.01(8) (Vernon Supp.1978–1979); *In Interest of K, supra,* at p. 170; *In Interest of V.____ M.____ B.____,* 559 S.W.2d 901, 905 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).[3] Thus, the trial

2. *In Interest of K* was decided under the voluntary legitimation statute as it read before section 13.21 was amended to specifically require consideration of the best interest of the child. The Texas Supreme Court recognized, however, that the determination of the child's best interest is inherent in the proceeding, whether stated in the statute or not. *In Interest of K,* 535 S.W.2d 168, 170 (Tex.1976).

3. Although the Family Code does not require notice to the biological father of an illegitimate child in an adoption proceeding concerning the child, section 11.09(b) of the Family Code gives the trial court discretion to require such notice. In addition, *Rogers v. Lowry,* 546 S.W.2d 881, 884 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) holds that due process does require that the biological father be afforded notice and opportunity to be heard. We are not required to decide that question since the father in this case appeared, answered, was present at the adoption hearing with counsel and had full opportunity to be heard. Certainly the procedure dictated by *Rogers v. Lowry, supra,* is preferable because it will, as it has here, foreclose due process questions about notice.

court's "termination" of the father's non-existent rights is superfluous. There were no pleadings requesting termination, and the issue was not tried by consent. In fact, the mother and adoptive father specifically withdrew any request for termination of the father's rights. Under these circumstances, the trial court should not have included a decree of termination in its judgment granting the adoption.

We, therefore, reform the trial court's Decree Terminating Parental Rights and Granting Adoption of Stepchild by eliminating from the judgment all language purporting to terminate the parent-child relationship between the child and the biological father. Our action in doing so, however, should not be construed as holding that the father has any parental rights in the child; he does not. We sustain the father's third point of error. The remaining points of error are overruled as moot and the judgments of the trial court, as reformed, are affirmed.