[Civ. No. 53751. First Dist., Div. Three. Dec. 10, 1981.]

GARRY A. GADBOIS, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
KELLIE HOUSTON, Real Party in Interest.

COUNSEL

William M. Hilton for Petitioner.

No appearance for Respondent.

Paul S. Nesse for Real Party in Interest.

OPINION

BARRY-DEAL, J.—This petition challenges a trial court's failure to permit pendente lite visitation by the plaintiff in an action to establish his paternity. ▇▇▇ Petitioner contends that the trial court erred in failing to consider his evidence and in failing to make a preliminary determination of paternity. We agree and issue peremptory writ of mandate.

Petitioner claims to be the father of a two-year-old child born to real party in interest on August 11, 1979. He alleges that he had visited the child from birth until June 1981. Real party admits that such visitation took place at least during the second year of the child's life. In June of 1981, when visitation ceased, he brought suit to establish his paternity. (The record before us does not establish a cause and effect relationship between the end of visitation and the filing of the suit.) In connection with the suit he moved for pendente lite visitation rights. His motion was denied.

At the hearing petitioner proffered documentary evidence of a blood test which showed a 99.3 percent chance he was the child's father. He also presented declarations from persons told by real party that petitioner was the child's father. A report from Family Service Counselor Cathy Kemp recommended visitation be granted.

Real party presented evidence tending to impeach the recommendation of Cathy Kemp and suggesting the possibility of some unnamed man being the child's father. However, the court's denial of pendente lite visitation was not based upon evaluation of the paternity evidence or upon evidence concerning detriment to the child from visitation. Instead, the court declined to make a preliminary determination of paternity and opined that no harm, irreparable or otherwise, would be done if visitation were postponed until parentage was established.

Petitioner contends that the trial court erred in refusing to make a preliminary determination of paternity and refusing to award temporary visitation rights. He cites Civil Code section 4601 and the decision of this court in *City and County of San Francisco* v. *Superior Court* (1978) 86 Cal.App.3d 87 [150 Cal.Rptr. 45] as authority for a pendente lite visitation order in a paternity action.

Real party does not contest the applicability of Civil Code section 4601 or the authority of the trial court to act. She argues only that the court's discretion in such matters is broad and that it was not abused in this case.

Civil Code section 4601 provides: "Reasonable visitation rights shall be awarded to a parent unless it is shown that such visitation would be detrimental to the best interests of the child. In the discretion of the court, reasonable visitation rights may be granted to any other person having an interest in the welfare of the child." Section 4601 is a part of

the Family Law Act, whereas petitioner's paternity action is brought under the Uniform Parentage Act, Civil Code section 7000 et seq. However, the court in *In re B. G.* (1974) 11 Cal.3d 679, 695-696 [114 Cal.Rptr. 444, 523 P.2d 244], explained that the Family Law Act provisions for child custody apply to any proceeding where there is at issue the custody of a minor child. Visitation rights are a natural companion to custody rights. We read the explanation of *In re B. G.* as applicable to the Family Law Act provision for visitation as well. (See *Reeves* v. *Bailey* (1975) 53 Cal.App.3d 1019, 1024-1025, fn. 6 [126 Cal.Rptr. 51].)

■ Although we can find no specific authorization for a pendente lite visitation order in the Uniform Parentage Act (*supra*, Civ. Code, § 7000 et seq.), we also find no bar to pendente lite visitation. Civil Code section 4600, subdivision (a), does give such authority, and by virtue of *In re B. G., supra*, 11 Cal.3d 679, applies to this paternity action. It authorizes the trial court to, "during the pendency of the proceeding or at any time thereafter, make such order for the custody of the child during minority as may seem necessary or proper." In this context, "order for the custody of the child" includes order for visitation. (Cf. *Perry* v. *Superior Court* (1980) 108 Cal.App.3d 480, 483 [166 Cal.Rptr. 583].)

The code provides no standards for determining when to grant pendente lite visitation rights. However, standards can be found in our decision in *City and County of San Francisco* v. *Superior Court, supra*, 86 Cal.App.3d 87, and in *Carbone* v. *Superior Court* (1941) 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260], the decision upon which we relied.

Those decisions involved lawsuits brought not by, but against purported fathers to establish their paternity. The trial courts awarded pendente lite support for the children under statutes authorizing such support. In *Carbone,* the purported father objected that he could not be ordered to support the child until he was proved to be her father. The court rejected that claim, stating that "the plaintiff, upon the hearing of the order to show cause, must prove by a preponderance of the evidence that the defendant is her father before he can be ordered to pay her support, costs of suit, or counsel fees pending the trial of the issues of the case. The defendant must be given an opportunity to be heard and to present his evidence. Then, even though the court upon a preponderance of the evidence presented at the hearing issues the order, its

implied finding of paternity is not *res judicata* nor determinative of the issue of parentage at the trial. The proceeding is merely a hearing upon an order to show cause for the purpose of determining plaintiff's right to an award *pendente lite*, and while defendant may put the jurisdictional prerequisite of parentage in issue, the evidence produced by the parties need not be so extensive as at the trial of the action. The resulting judgment is temporary in effect; except as to payments already accrued thereunder, its operation terminates upon the final determination of the action or upon order of the court." (*Carbone v. Superior Court, supra,* 18 Cal.2d at p. 772.)

In this case the issue is not support for the child, but the purported father's right to visit. If a purported father can be required to support a child on the same terms as a proven father during the pendency of the proceedings to establish his obligations to the child, equity demands that with proper proof of paternity he be afforded the same consideration for pendente lite visitation rights as would be afforded one whose paternity was established. ■ As in the support context, "proper proof" of paternity for visitation rights requires a showing by a preponderance of the evidence that the plaintiff is the child's father. Also, as in *Carbone,* the court's implied finding of paternity is not res judicata, and the evidence need not be so extensive as at the trial of the action.

■ A preliminary determination of paternity, however, will not exhaust the trial court inquiry into the visitation issue. It will invoke the injunction of the first sentence of Civil Code section 4601 that "[r]easonable visitation rights *shall* be awarded to a parent unless it is shown that such visitation would be detrimental to the best interests of the child." (Italics added.)

The trial court here did not make the preliminary determination of paternity or nonpaternity and did not purport to determine whether visitation would be detrimental to the best interests of the child. Therefore, its order denying pendente lite visitation must be annulled and the court permitted to reconsider the matter.

We have reached this conclusion after full briefing by the parties. An alternative writ would add nothing to the presentation already made and would cause undue delay in reconsideration of the request, perhaps even rendering the matter moot. A peremptory writ is proper. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn. v. Superi-*

*or Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 157]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the Santa Clara County Superior Court to vacate its order denying petitioner pendente lite visitation and to reconsider the motion in light of the views expressed herein.

Scott, Acting P. J., and Anello, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.