[No. B007101. Second Dist., Div. One. Oct. 4, 1985.]

LARRY P. HUFFMAN et al., Plaintiffs and Appellants, v.
PATRICIA GROB, Defendant and Respondent.

**Counsel**

Joseph A. Shuff III for Plaintiffs and Appellants.

R. Samuel Paz and Edward R. Ortega for Defendant and Respondent.

**Opinion**

**LUCAS, J.—**

### INTRODUCTION

Appellants Larry P. Huffman, Kathleen Huffman, and Bernice Huffman (the Huffmans) appeal from an order of the superior court denying their

petition for visitation rights with minor child Joseph Lee Grob in the matter of the adoption petition of Patricia Grob. We affirm.

### FACTS AND PROCEEDINGS

Joseph Grob (Joseph) was born Fermin Konkright Huffman in Laredo, Texas on May 25, 1972. Janice Huffman Konkright and her husband Ronald Konkright adopted Joseph shortly after birth. The child's name was changed to Joseph Lee Konkright by order of December 23, 1975.

In December of 1978, Janice Konkright died of an illness arising out of her diabetic condition. Joseph continued to reside with Ronald Konkright in Texas for another five years. In 1983 Ronald Konkright contacted his deceased wife's longtime friend and Joseph's godmother, Patricia Grob (Grob), a resident of Southern California, and requested that Grob adopt Joseph. Grob agreed.

Joseph moved to Grob's California home in 1983. A decree of adoption was signed by the court on October 27, 1983, and the child's name was changed to Joseph Lee Grob. Janice Konkright's mother, Bernice Huffman, brother, Larry Huffman, and sister, Kathleen Huffman, reside in Southern California and visited Joseph at Grob's home pending the adoption proceeding. After the proceedings were completed, Grob refused to permit the Huffmans to visit Joseph.

On May 8, 1984, the Huffmans filed a petition for visitation with Joseph. The court requested that the Huffmans submit a memorandum of points and authorities in support of their petition, as the court was not aware of any legal authority in support of the Huffman's position. The Huffmans did so, and the court denied their petition. This appeal followed.

### DISCUSSION

The sole issue presented by the Huffmans in this appeal is whether the court erred in refusing to permit the Huffmans to have an evidentiary hearing on the issue of visitation rights. The court below ruled properly on this issue.

When a child is adopted, the law creates a parent-child relationship between the adopting parent(s) and the child and severs the child's relationship with his or her natural family. (Civ. Code, §§ 228, 229.) "In an adoption proceeding the child receives a 'substitute' parent, and although he loses his right to look to the natural parent for support, he can now look to

the adoptive parent." (*In re Marriage of O'Connell* (1978) 80 Cal.App.3d 849, 857 [146 Cal.Rptr. 26] (dictum).)

The initial adoption by the Konkrights created a familial relationship between Joseph, the Konkrights' adopted son, and the Huffmans, Janice Konkright's mother, brother, and sister. The subsequent adoption by Grob substituted Grob as Joseph's new mother and operated to sever Joseph's family ties with the Huffmans and the Konkrights. (Civ. Code, §§ 228, 229.)

Bernice Huffman, Janice Konkright's mother, cites Civil Code section 197.5 as authority for her claim of visitation rights. That section provides that the parents, grandparents, and children of a decedent may obtain court-ordered visitation rights with a minor child of the decedent under certain circumstances.[1]

Under the terms of Civil Code section 197.5, subdivision (c), Bernice Huffman is not entitled to court-ordered visitation rights in this case. Grob, who was neither a grandparent nor a stepparent, has adopted Joseph. Moreover, the terms of that statute do not bestow any right to visit Joseph upon Kathleen or Larry Huffman, sister and brother, respectively, of Janice Huffman Konkright.

The Huffmans alternatively argue that Civil Code sections 4600 and 4601 of the Family Law Act confer upon the superior court the discretionary power to grant visitation rights to former relatives of a minor child even after a decree of adoption has substituted one family relationship for another. The Huffmans have failed to present us with any legal authority for the use of the provisions of Civil Code sections 4600 and 4601 as the basis for granting visitation rights to former relatives after adoption by someone other than a grandparent or stepparent, and we believe such application would be improper.

On its face, Civil Code section 4600 applies to marital dissolution proceedings. This limited applicability is made clear in the first paragraph of

---

[1]Section 197.5 of the Civil Code provides as follows: "(a) If either the father or mother of an unmarried minor child is deceased, the children, parents, and the grandparents of such deceased person may be granted reasonable visitation rights to the minor child during its minority by the superior court upon a finding that such visitation rights would be in the best interests of the minor child.

"(b) In granting visitation rights to persons other than the parents of the decedent, the court shall consider the amount of personal contact between such persons and the minor child prior to the application for the order granting them visitation rights.

"(c) *This section shall not apply if the child has been adopted by a person other than a stepparent or grandparent.* Any visitation rights granted pursuant to this section prior to the adoption of the child shall be *automatically terminated* upon such adoption." (Civ. Code, § 197.5, italics added.)

that statute, where the Legislature has set forth a statement of purpose: "The Legislature finds and declares that it is the public policy of this state to assure minor children of frequent and continuing contact with both parents *after the parents have separated or dissolved their marriage,* and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy." (Civ. Code, § 4600 (italics added).)

The Huffmans ignore this statement of limited application and argue that Civil Code sections 4600 and 4601, statutes pertaining to custody and visitation rights in marital dissolution proceedings, confer upon the superior court discretionary authority to award visitation rights to the Huffmans.[2] When read in context, those statutory provisions govern custody and visitation rights only in the marital separation and dissolution contexts. The Huffmans are unable to cite one single opinion in which an appellate court of this state has granted former relatives of an adopted child visitation rights under the authority of Civil Code sections 4600 and 4601 where Civil Code section 197.5 would bar such rights. Civil Code section 197.5, which specifically applies in this context, places strict limitations upon the court's authority to award visitation rights after an adoption has taken place. (Cf. *Marckwardt* v. *Superior Court* (1984) 150 Cal.App.3d 471, 480 [198 Cal.Rptr. 41] (broadly stated discretion of Civ. Code, § 4601 is limited in marital dissolution cases by jurisdictional provisions of Civ. Code, § 4351).) The effectiveness of Civil Code section 197.5 would be vitiated were we to adopt the Huffmans' position and hold that the operation of Civil Code sections 4600 and 4601 nullifies the restrictions upon continuing contacts with former relatives after adoption imposed by Civil Code section 197.5.

Grob is Joseph's adoptive mother. She is statutorily entitled to full parental rights and subject to full parental obligations. (*Matter of Cozza* (1912) 163 Cal. 514, 523-524 [126 P. 161]; *Estate of Goulart* (1963) 222 Cal.App.2d 808, 821, 824 [35 Cal.Rptr. 465].) The purpose of the laws severing old family ties after adoption is to permit the new, adoptive family ties to solidify and to confer upon the new parent(s) discretion to provide for the best interests of the adopted child without interference from the former relatives. Were we to accept the Huffmans' broad interpretation of

---

[2]The second paragraph of section 4600 of the Civil Code provides in pertinent part: "In any proceeding where there is at issue the custody of a minor child, the court may, during the pendency of the proceeding or at any time thereafter, make such order for the custody of the child during minority as may seem necessary or proper." (Civ. Code, § 4600, subd. (a).)

Section 4601 of the Civil Code states: "Reasonable visitation rights shall be awarded to a parent unless it is shown that such visitation would be detrimental to the best interests of the child. In the discretion of the court, reasonable visitation rights may be granted to any other person having an interest in the welfare of the child."

Civil Code section 4601, then any stranger, with or without some preexisting relationship to an adopted child, would have standing to apply at any time after the adoption decree to obtain visitation with an adopted child. Such a result is contrary to the policy of providing adopted children with stable homes free of protracted or repeated litigation concerning custody or visitation. (See *Marckwardt* v. *Superior Court, supra,* 150 Cal.App.3d at p. 480.)

## DISPOSITION

The order is affirmed.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

Appellants' petition for review by the Supreme Court was denied December 30, 1985. Bird, C. J., was of the opinion that the petition should be granted.