[No. A039556. First Dist., Div. One. Sept. 21, 1988.]

Guardianship of MARTHA M., a Minor.
KENNETH J. THEISEN, Petitioner and Appellant, v.
LEONOR LOPEZ, Objector and Respondent.

COUNSEL

Kenneth J. Theisen, in pro. per., for Petitioner and Appellant.

John J. Cullen and Cullen & Wood for Objector and Respondent.

## OPINION

**RACANELLI, P. J.**—This appeal raises the question whether visitation rights may be granted in a guardianship proceeding to an interested but unrelated person. We decide that question affirmatively but will conclude that petitioner has filed his petition in the wrong proceeding.

### FACTS

In June 1986, the natural mother of four-year-old Martha M. committed suicide. Leonor Lopez, the child's maternal grandmother, assumed physical

custody and care of Martha. Kenneth Theisen petitioned for guardianship of Martha, asserting that he had been a "close friend" of her mother for the past three years and had contributed to the support of Martha, with whom he had developed a loving relationship. He considered himself Martha's "psychological father."[1]

In a separate proceeding, the court appointed Leonor Lopez as Martha's guardian. Although the court denied Kenneth Theisen's separate petition, it referred the matter to family court services for an evaluation of his visitation rights.

Thereafter, Theisen filed a "petition for visitation" with Martha. Leonor Lopez opposed the petition on the ground that Theisen was a "stranger," without standing to obtain visitation rights. The trial court ultimately denied the petition for visitation rights on the basis of lack of jurisdiction. Theisen has appealed from that decision.

## DISCUSSION

### I. *Eligibility for Visitation*

■ There is no dispute that the court has the inherent power to grant visitation rights in a guardianship proceeding. (*Guardianship of Reynolds* (1943) 60 Cal.App.2d 669, 677-679 [141 P.2d 498] [where guardian was paternal grandfather, visitation awarded to maternal grandparents]; see *Guardianship of Coughlin* (1954) 129 Cal.App.2d 290 [276 P.2d 841] [visitation denied for cause to divorced wife of guardian]; *Estate of Walsh* (1952) 114 Cal.App.2d 82, 85-86 [249 P.2d 578] [visitation by paternal grandmother].) ■■ The question presented is whether visitation rights may be granted to a person unrelated to the child. (See generally Annot. (1980) 1 A.L.R.4th 1270, 1282-1283.)

Lopez asserted below, and reiterates on appeal, that Theisen is ineligible for visitation because he is a "stranger" to Martha, presumably one without a relationship based on consanguinity or kinship through marriage. The assertion is patently unsound.

In the early case of *Guardianship of Reynolds, supra,* the court declared that visitation could be granted to "a relative or *other person*." (*Id.,* 60 Cal.App.2d at p. 677, italics added.) More recently, the Legislature has declared that visitation rights may be awarded to a parent or "to any other

---

[1] Martha's mother had divorced the child's natural father some years earlier, and visitation rights had been denied the father.

person having an interest in the welfare of the child." (Civ. Code, § 4601.) The conclusion is inescapable that Theisen is eligible for visitation even without a blood relationship to the child.[2]

Lopez suggests that section 4601 has no application and applies only in the setting of marital dissolution proceedings. Lopez is mistaken.

Visitation rights are, of course, a limited form of custody. (*Perry* v. *Superior Court* (1980) 108 Cal.App.3d 480, 483 [166 Cal.Rptr. 583].) Civil Code section 4600 sets forth the scheme for awarding custody. By its terms, section 4600 applies in "*any* proceeding where there is at issue the custody of a minor child . . . ." (Italics added.) Although the statute was enacted as part of the Family Law Act pertaining to dissolution of marriage, the courts have long held the section applicable to *any* proceeding in which custody is in issue. (See, e.g., *In re B. G.* (1974) 11 Cal.3d 679, 695-696 [114 Cal.Rptr. 444, 523 P.2d 244] [juvenile proceeding]; *Guardianship of Phillip B.* (1983) 139 Cal.App.3d 407, 419 [188 Cal.Rptr. 781] [guardianship]; *Guardianship of Marino* (1973) 30 Cal.App.3d 952, 958 [106 Cal.Rptr. 655] [guardianship]; *In re Lynna B.* (1979) 92 Cal.App.3d 682, 694 [155 Cal.Rptr. 256] [parental termination]; *Gadbois* v. *Superior Court* (1981) 126 Cal.App.3d 653, 656 [179 Cal.Rptr. 19] [paternity].)[3]

Indeed, as to guardianship proceedings in particular, no doubt exists. Probate Code section 1514, subdivision (b) now expressly provides: "In appointing a guardian of the person, the court is governed by the provisions of Section 4600 of the Civil Code, relating to custody of a minor."

Because section 4600 is broadly applicable to any proceeding and visitation rights constitute a limited form of custody, section 4601 has been held equally applicable to *any* proceeding involving custody of a child. (*Gadbois* v. *Superior Court, supra,* 126 Cal.App.3d at p. 656; *Perry* v. *Superior Court, supra,* 108 Cal.App.3d at p. 484.) As the court in *Perry* observed: "There can be no doubt that if the issue of custody or visitation is properly before the court in one of these proceedings[4 ,] the court has the authority to

---

[2] Of course, we express no opinion whether visitation privileges should actually be granted to Theisen. The only question we decide is whether Theisen is eligible to be considered.

[3] Lopez relies on language in *Huffman* v. *Grob* (1985) 172 Cal.App.3d 1153, 1156-1157 [218 Cal.Rptr. 659], in which the court viewed section 4600 as applicable only to marital dissolution proceedings. That language is in open conflict with the clear teaching of *In re B. G., supra,* 11 Cal.3d 679, and its progeny that section 4600 applies to *any* proceeding in which custody is at issue. *In re B. G.* itself involved a custodial issue in the context of a juvenile dependency proceeding.

[4] An allusion to the "eight separate proceedings" mentioned in *In re B. G., supra,* 11 Cal.3d at page 696.

award custody or visitation to a nonparent pursuant to Civil Code sections 4600 and 4601." (108 Cal.App.3d at p. 484.)[5]

## II. *Viable Issue*

 In *Perry* v. *Superior Court, supra,* 108 Cal.App.3d 480, the trial court in a *dissolution* proceeding awarded to one spouse visitation rights with the other spouse's child from a previous marriage. On appeal, it was held that since the child was not a child "of the marriage" (Civ. Code, § 4351), custody was not properly at issue in the proceeding and hence the trial court had no jurisdiction to award visitation rights. (See also *White* v. *Jacobs* (1988) 198 Cal.App.3d 122 [243 Cal.Rptr. 597].)

Similarly, in the present case, the issue of custody was not properly before the court. On August 20, 1986, the trial court *denied* Theisen's petition for guardianship while granting Lopez's separately filed petition. No appeal was taken by Theisen. Accordingly, the court's order denying his guardianship petition constituted a final disposition of the present case. There was no longer any issue pending.

Theisen's subsequent petition for visitation rights was filed in March 1987—seven months later. Obviously, by then, judgment had become final, and the court lacked jurisdiction to consider it.

But Theisen is not without legal recourse. He simply filed his petition in the wrong action instead of the existing guardianship proceeding (Super. Ct. S.F., No. 243854). It is well settled that the court has continuing jurisdiction in a guardianship proceeding (*Browne* v. *Superior Court* (1940) 16 Cal.2d 593, 597-598 [107 P.2d 1, 131 A.L.R. 276]; *Bank of America* v. *Superior Court* (1986) 181 Cal.App.3d 705, 717-718 [226 Cal.Rptr. 685]) and may entertain a request for visitation rights at any time (*Guardianship of Reynolds, supra,* 60 Cal.App.2d at pp. 677-679).

As the *Reynolds* court declared: "[T]he guardianship itself is not concluded . . . until the guardian has been discharged. Jurisdiction of the court in this respect is a continuing one, and as an arm of the court the guardian in his duties acts under the authority of the supervision of the court which

---

[5] We also reject Lopez's argument that the persons listed under Civil Code section 197.5, subdivision (a), comprise the exclusive list of relatives eligible for visitation when a parent dies.

Section 197 states the general rule that parents are the natural guardians of their children. Section 197.5 governs the situation when one parent is deceased and the other parent assumes custody. The statute allows for visitation rights by relatives of the deceased parent even though custody is not in issue. But neither statute applies here. The question of custody presented invokes sections 4600 and 4601 as the applicable principles.

appointed him. . . . [¶] "If circumstances subsequent to the original order make it desirable and conducive to the comfort and well-being of the child that a modification thereof be made, the court, to alleviate or correct the situation, has jurisdiction to order that regulations be imposed upon the guardian, such as directing that a relative or other person should have access to the child whose custody is decreed in the guardian. (Estate of *Ross, supra*; *Hill v. Hill*, 49 Md. 450 [33 Am.Rep. 271]; Woerner Am. Law of Guardianship, 159; *Matter of Welch*, 74 N.Y. 299; *People v. Walts*, 122 N.Y. 238 [25 N.E. 266].)" (*Guardianship of Reynolds, supra*, 60 Cal.App.2d at p. 677.)

*Huffman* v. *Grob, supra*, 172 Cal.App.3d 1153, upon which Lopez relies, is factually distinguishable. There, the court held that after the child's *adoption*, a former relative could not obtain visitation rights. Thus, once the adoption was final, no issue of custody was before the court. In contrast, because of continuing jurisdiction of the court in a guardianship proceeding, the issue of custody as well as visitation remains viable during the pendency of the guardianship.

We therefore conclude that the trial court has jurisdiction to consider whether visitation privileges would be in the best interests of the child. The fact that Theisen is not legally related to Martha does not render him ineligible to seek and obtain visitation rights. However, as previously discussed, jurisdiction to consider such request resides in the existing guardianship proceeding (No. 243854) and not in the finally concluded case in which guardianship was denied (No. 243686).

The judgment is affirmed. Each party shall bear his or her own costs.

Newsom, J., and Holmdahl, J., concurred.